Paul PENNINGTON *v.* STATE of Arkansas

CR 91-46                                    808 S.W.2d 780

Supreme Court of Arkansas
Opinion delivered May 20, 1991

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. The appellant was found guilty of possession of cocaine with intent to deliver and sentenced to five years imprisonment under Ark. Code Ann. § 5-64-401(a)(1)(i) (1987) of the Uniform Controlled Substances Act. That section of the Act covers Schedule I or II controlled substances. On appeal, he claims the trial judge erred in stating he could not

consider appellant's request for probation. We agree with appellant's contention and remand this case for the sole purpose of allowing the trial court to consider alternative sentencing provided under the Criminal Code, Ark. Code Ann. §§ 5-4-301 to -311 (1987 & Supp. 1989).

■ The state in this appeal fails to respond to the appellant's argument except to say that appellant's contention was not properly raised below, and therefore was not preserved for appellate review. We disagree. At the sentencing hearing, appellant's counsel stated his position that the trial court had authority to place the appellant on probation. However, the trial court disagreed with counsel, adding that if probation was permitted under the law, it would consider probation. In view of this clear exchange between the trial court and appellant's counsel, we believe appellant is entitled to have his argument decided on its merits.

To decide whether the trial court had authority to consider appellant's request for probation, we must review the relevant history of the 1971 Uniform Controlled Substances Act, under which appellant was sentenced, and the 1975 Criminal Code, which provides in § 803 for sentencing in Code offenses and in § 1201 for considering criterion for suspended imposition of sentence or probation.

■ As already mentioned, appellant was sentenced under the Uniform Controlled Substances Act. In its original form, the 1971 Act provided imprisonment for up to fifteen years for the possession with intent to deliver Schedule I or II narcotic drugs, but it provided no special provision for probation or suspension for such an offense.[1] *See* Article IV, § 1(a)(i) of Act 590 of 1971 [now codified and amended as section 5-64-401(a)(1)(i)]. However, as previously mentioned, the 1975 Criminal Code provided for probation for offenses defined by the Code. And while offenses under the Controlled Substances Act were not defined under the Criminal Code, § 1202 of the Code [now section 5-4-302] provided as follows:

---

[1] Article IV, § 7 of Act 590 of 1971 [Ark. Code Ann. § 5-64-407 (1987)] does provide for a probationary period for the offense of possession of a controlled substance, but it fails to mention other drug offenses.

When a defendant who pleads or is found guilty of an offense defined by a statute not a part of the code is eligible for suspension or probation pursuant to that statute, the court may make any disposition permitted by that statute.

Thus, because the Controlled Substances Act provided no probation or suspension alternative for the offense of possession of a narcotic drug with intent to deliver (or for the delivery or manufacture of a narcotic drug), the sentencing, probation and suspension provisions of the Code were made applicable to such an offense under section 1202. However, amendments to the 1971 Uniform Controlled Substances Act and the 1975 Criminal Code have since occurred. Therefore, it is important to review those changes to be sure the appellant in this case is entitled to the sentencing and disposition provisions of the Code.

In considering first the Code, we note that the General Assembly amended it by enacting Act 409 of 1983 [Ark. Code Ann. § 5-4-104(e)(1) (1987 & Supp. 1989)] in order to stiffen sentences by eliminating probation and suspension of imposition of sentences in specified crimes, *viz.*, capital murder, treason, a Class Y felony offense or murder in the second degree. The Code previously excepted only defendants convicted of capital murder from receiving probation or suspension. Section 2 of Act 409 [Ark. Code Ann. § 5-4-401 (1987)] provides a defendant convicted of a Class Y felony must receive a determinate sentence of not less than ten years and not more than forty years.

Next, we mention Act 669 of 1985 where the General Assembly amended the Uniform Controlled Substances Act. Act 669 somewhat redefined the offenses of manufacturing, delivery and possession of a controlled substance with intent to deliver under Article IV, section 1(a)(1)(i) [section 5-64-401(a)(1)(i)], but it further provided that these offenses are Class Y felonies for all purposes *other than disposition*. When enacting Act 669, the General Assembly presumably was aware that the Code sentencing and disposition provisions, as amended by Act 409 of 1983, had excluded the possibility of probation in Class Y felony offenses. Accordingly, by its clear language in Act 669, the General Assembly, while classifying the offense of possession of a narcotic drug with intent to deliver (as well as manufacture and delivery of such drugs) as a Class Y crime, directed that such

classification should not be used when considering and applying alternative dispositions.

█ In sum, we believe a fair construction of the foregoing provisions and amendatory acts of the Uniform Controlled Substances Act and the Criminal Code reflect that, in the present case, the trial judge could have considered appellant's request for probation. We quickly add, however, that the General Assembly has recently passed Act 608 of 1991 which further amends section 803 [section 5-4-104] and section 1201 [section 5-4-301] of the Code. Briefly, Act 608 amends section 5-4-104(e)(1) to add that a defendant convicted of a drug-related offense under the Uniform Controlled Substances Act is not eligible for probation, and it amends section 5-4-301(a)(1) to provide that a defendant convicted of a drug-related offense under the Uniform Controlled Substances Act is not entitled to a suspended imposition of sentence or probation except to the extent that probation is otherwise permitted under that Act. Without discussing Act 608 further, we note the General Assembly enacted this law so as to resolve the confusion as to what forms of punishment are permitted or prohibited in cases such as the drug-related offense we have addressed in this appeal.

For the reasons given above, we reverse and remand so the trial court may consider appellant's request for probation.

Reversed and remanded.

HOLT, C.J., NEWBERN, and BROWN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The crux of the majority opinion is its conclusion that the probation and sentencing provisions of the Criminal Code were made applicable to violations of the Controlled Substance Act because that Act made no provision for suspension or probation. The basis of that conclusion is the language quoted from the Criminal Code and codified in Ark. Code Ann. § 5-4-302 (1987):

> When a defendant who pleads or is found guilty of an offense defined by a statute not a part of the code is eligible for suspension or probation pursuant to that statute, the court may make any disposition permitted by that statute.

If "that statute" is a reference to the Controlled

Substances Act, or the particular part of the Act pursuant to which Pennington was convicted, then for the Trial Court to be allowed to consider probation, we must at least be able to find something in the Controlled Substances Act which allows it. I cannot find it.

While I understand the majority opinion's conclusion that the failure to provide for probation as an alternative sentence for one convicted of possession of a controlled substance with intent to deliver relegates the court to the probation provisions of the Criminal Code, I do not agree.

By providing for probation as a possible sentence for one convicted of possession under the Controlled Substances Act at Ark. Code Ann. § 5-64-407 (1987), but not providing for it for one convicted of possession with intent to deliver, the General Assembly made it clear to me that drug dealers are not to be entitled to a probationary sentence.

I respectfully dissent.

HOLT, C.J., and BROWN, J., join in this dissent.