LIFE INSURANCE COMPANY of Arkansas *v.* Barbara Fike ASHLEY, Administratrix of the Estate of Owen L. Fike, Deceased

91-281                                    824 S.W.2d 393

Supreme Court of Arkansas
Opinion delivered February 17, 1992

336

*Davidson, Horne & Hollingsworth,* by: *Allan W. Horne* and *Patrick E. Hollingsworth,* for appellant.

*Noyl Houston,* for appellee.

DAVID NEWBERN, Justice. This is an insurance case. Owen Fike died after leaving employment with Storall Manufacturing Co. which had a group life policy in which Fike participated. The policy was issued by the appellant, Life Insurance Company of Arkansas (the Company). The group insurance terminated on Fike's last work day, and Fike was killed in an accident 88 days later. The appellee, Barbara Fike Ashley, administratrix of Fike's estate, claimed, and the Trial Court held the estate entitled to, an amount of insurance to which Fike would have been entitled had he exercised his option to convert his group insurance to an individual policy.

The primary question presented is whether a statute requiring notice of the right to convert from group to individual life insurance upon termination of employment is satisfied if the notice is given with the initial certificate of group insurance rather than when eligibility to convert the insurance arises. Other questions involve the length of the period during which the conversion may occur and whether, in this case, the insurer ultimately conceded liability in a manner sufficient to avoid application of statutory penalties and fees. The Trial Court held in favor of the estate on all points as do we.

Fike left his employment with Storall February 12, 1985. Under the terms of the group policy, insurance terminated as to individual employees when they were no longer actively at work. The policy entitled an employee to convert from group coverage to individual coverage without evidence of insurability upon termination of employment, application, and payment of the premium. It provided that the applicant could apply for conversion within 31 days after termination of group coverage. It also provided that, if no notice of the right to convert was given, the

period for exercising the conversion privilege was extended 60 days.

Fike died in an automobile accident on May 11, 1985, without having applied for conversion. While employed at Storall, Fike received a certificate of insurance explaining his conversion right, but no additional notice was given when the group insurance terminated. Barbara Fike Ashley, Fike's administratrix, sued the Company individually and on behalf of the estate, claiming that, as the Company did not give Fike notice of his conversion rights after termination of employment, Fike was entitled to the individual coverage to the date of his death. The Company denied coverage. Both parties moved for summary judgment, and Ashley's motion was granted with judgment entered for $9,861.97, representing $10,000 in benefits less the premium which would have been paid had the conversion occurred. The Trial Court withheld judgment on Ashley's additional claim for accidental death benefits of $10,000.

Ashley later amended the complaint to delete the claim for accidental death benefits and sought to recover the statutory penalty and attorney's fee. The Trial Court granted a 12% penalty, interest, and an attorney's fee of $4,500.

### 1. Notice

The controlling Statute, Ark. Code Ann. § 23-83-122 (1987), provides:

Notice as to conversion right.

(a) If any individual insured under a group policy, excluding an annuity policy, hereafter delivered in this state becomes entitled under the terms of a policy to have an individual policy of life insurance issued to him without evidence of insurability, subject to making of application and payment of the first premium within the period specified in the policy and if the individual is not given notice of the existence of the right at least fifteen (15) days prior to the expiration date of the period, then the individual shall have an additional period within which to exercise that right. Nothing in this subsection shall be construed to continue any insurance beyond the period provided in the policy.

(b) This additional period shall expire fifteen (15) days next after the individual is given the notice but in no event shall the additional period extend beyond sixty (60) days next after the expiration date of the period provided in the policy.

(c) Written notice presented to the individual or mailed by the policyholder to the last known address of the individual or mailed by the insurer to the last known address of the individual as furnished by the policyholder shall constitute notice for the purpose of this section.

We have no cases construing this section, but the meaning of the words is plain in the context of the Statute. "The individual" entitled to the notice is, according to subsection (a), "any individual . . . entitled . . . to have an individual policy issued . . . ." Fikes was not such a person until his employment ended. By giving him notice, the Company could shorten the conversion period. The Statute thus clearly contemplates the notice will be given once the entitlement arises.

The Company has cited cases from other jurisdictions which would be helpful in interpreting this language if we deemed it ambiguous, but we do not think it is ambiguous. When the wording of a statute is clear and unambigious, it will be given its plain meaning. *Cash* v. *Arkansas Comm'n on Pollution Control & Ecology*, 300 Ark. 317, 778 S.W.2d 606 (1989). The notice given prior to Fike's termination of employment did not comply with the statutory requirement, thus the conversion period was extended.

## 2. Extension period

Fike died more than 31 days but less than 91 days after he became eligible to convert the policy. The Trial Court found he died during the conversion period because the original 31-day period was extended to 91 days due to the failure to give notice as discussed above. The conclusion that Fike was covered by individual insurance arises from the language found in Ark. Code Ann. § 23-83-119 (1987) which provides that a person covered under the group policy who dies during the conversion period but before exercising the conversion right is entitled to "the amount of life insurance which he would have been entitled to have issued

to him under the individual policy."

The Company argues that because § 23-83-119 and §§ 23-83-117 (providing conversion must be applied for within 31 days after termination of work) and 23-83-118 (providing the minimum amount of insurance upon conversion), make no reference to the notice and extension provisions in § 23-83-122, they should be construed separately and without consideration of the notice requirement and extension provisions of § 23-83-122.

■ Although it is true that there is no common law extension period for insurance policies, and thus the statutes are in "derogation" of the common law and to be construed strictly, *Hartford Ins. Group v. Carter*, 251 Ark. 680, 473 S.W.2d 918 (1971), we cannot agree that § 23-83-122 somehow becomes irrelevant when the other sections are considered.

It is also argued that the line in § 23-83-122 which provides that "nothing in this subsection shall be construed to continue any insurance beyond the period provided in the policy" prohibits adding the 31-day and 60-day extension periods together.

■ The Company cites cases from other jurisdictions which hold the conversion right extension period does not extend coverage under the policy. Reference to these decisions is again unnecessary because construction comes easily from the words used. We must discern legislative intent by looking to all the statutory provisions, *Shinn v. Heath*, 259 Ark. 577, 535 S.W.2d 57 (1976), and giving effect to all the parts.

■ Fike was covered, while employed, by group insurance. That coverage terminated when his job terminated, and nothing in § 23-83-122 works to extend the group coverage. The Statute does give, and provide for extension of, a period in which one in Fike's circumstances was eligible to exercise the right of conversion from group to individual coverage.

We are not holding that Fike was entitled to "continue any insurance beyond the periods provided in the policy." Under no circumstances was the group coverage to be continued beyond his employment. The beneficiary recovers the amount of "individual" insurance coverage Fike was entitled to have purchased even though it was "payable as a claim under the group policy."

The Company's argument that this constitutes a continuation of coverage in violation of § 23-83-122 is incorrect because it fails to distinguish between group and individual coverage. The Trial Court correctly applied the conversion period extension provisions.

### 3. Penalties and attorney's fee

█ The Company argues the awards of the statutory penalty, interest, and attorney's fee were in error because Ashley did not recover the exact amount she initially claimed. *Farm Bureau Ins. Co. v. Paladino*, 264 Ark. 311, 571 S.W.2d 86 (1978). Ashley did recover exactly that which she sought in her amended complaint. We have held an insurer is obligated for the penalty where it fails to confess judgment after the amendment of pleadings to conform to the proof. *Old American Life Ins. Co.* v. *McKenzie*, 240 Ark. 984, 403 S.W.2d 94 (1966). The Company contends there was no need to confess judgment after the complaint was amended because the Trial Court had already held Ashley was entitled to recover the basic life insurance amount.

We would have found the award erroneous had the Company confessed judgment or tendered the proceeds after partial summary judgment but before the amending of the pleadings, and we recognize that the grant of partial summary judgment distinguishes this case from the *Old American Life Co.* case. However, in *Cato* v. *Ark. Mun. League Health Benefit Fund*, 285 Ark. 419, 688 S.W.2d 720 (1985), we suggested that some action is necessary after the amendment of the pleadings to conform to the proof to avoid the imposition of a penalty. This conclusion is very consistent with the legislatively recognized purposes of the penalty, including discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of claimants to obtain legal representation. *Aluminum Co. of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976). We find no error in the award of the penalty and fee.

Affirm.