Timothy BAKER *v.* STATE of Arkansas

CR 92-375 837 S.W.2d 471

Supreme Court of Arkansas
Opinion delivered September 28, 1992

*Davis & Watson, P.A.*, by: *Jeff H. Watson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Timothy Baker, was convicted of four counts of Delivery of a Controlled Substance in violation of Ark. Code Ann. § 5-64-401 (Supp. 1991) of the Uniform Controlled Substances Act. Appellant was sentenced to a fine of $2,500.00 on count one, a fine of $2,500.00 on count two, a fine of $5,000.00 on count three, and a fine of $5,000.00 and ten years in prison on count four. On appeal, appellant contends that the trial court erred in two respects. For his first point of error, appellant contends that the trial court erred in refusing to give appellant's requested instruction on the defense of entrapment. For his second and final point of error, appellant contends that the trial court erred by refusing to consider probation or some form of suspended imposition of

sentence of his prison term under Act 346 of 1975, which is codified at Ark. Code Ann. §§ 16-93-301 to -303 (1987). Appellant's second point of error requires our construction of Act 346 of 1975; our jurisdiction is therefore proper pursuant to Ark. Sup. Ct. R. 29(1)(c).

## I. ENTRAPMENT

Appellant does not deny that he delivered one ounce of marijuana to the confidential informant, Glen Luster, on January 31, 1991 (count one) or that he delivered one ounce of marijuana (count two), one quarter ounce of mushrooms (Psilocybin, Psilocyn) (count three), and one eighth of an ounce of cocaine (count four) to Glen Luster on February 6, 1991. Appellant contends that he was so induced by Glen Luster to sell him the cocaine that he should have been entitled to raise the defense of entrapment at least as to count four, the delivery of cocaine.

■ Entrapment is an affirmative defense that must be proven by a preponderance of the evidence. *Walls* v. *State*, 280 Ark. 291, 658 S.W.2d 362 (1983). Entrapment is defined at Ark. Code Ann. § 5-2-209(b) (1987), as follows:

> Entrapment occurs when a law enforcement officer or any person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

■ When deciding whether a person was entrapped as a matter of law, we have said that:

> *[M]ore* importance [is attributed] to the conduct of the law enforcement officers [and any people acting in cooperation with them] than to any predisposition of the defendant and the question is directed to the effect of that conduct on "normally law-abiding persons." (Emphasis theirs)

*Spears* v. *State*, 264 Ark. 83, 96, 568 S.W.2d 492, 501 (1978). But we have also said that:

> defendant's conduct and predisposition, both prior to and

concurrent with, the transactions forming the basis of the charges are still material and relevant, on the question whether the government agents only afforded the opportunity to commit the offenses with which he is charged. [cite omitted]

*Id.* at 97, 568 S.W.2d at 501.

The only evidence that appellant points to as behavior by the government informant that induced him to sell cocaine were several phone calls by the informant to appellant and the informant's in-person requests for cocaine at the January 31st drug sale. According to appellant's testimony, at the first drug buy of January 31, 1991, the informant asked appellant about getting some cocaine and appellant initially told the informant that he never got any cocaine and did not know of anybody that had any to sell. However, it was also appellant's testimony that after further inquiries from the informant during the same transaction on January 31st, which lasted approximately five to ten minutes, appellant stated he thought he could get some cocaine. Appellant also testified he had sold cocaine to the informant in the past and had bought cocaine from the informant in the past.

When there is no evidence to support the giving of an instruction, it is not error to refuse it. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983). The informant's behavior in asking appellant if he could get some cocaine and calling him several times about getting cocaine, without more, is not enough to raise a fact question as to entrapment, especially coupled with appellant's testimony that he had sold cocaine to the informant in the past and that he was willing to sell marijuana and mushrooms to the informant. Appellant, having the burden of proof, failed to present any evidence to indicate that he was induced by governmental conduct of a character likely to cause a normally law-abiding person to commit the offense. Therefore, it was not error for the trial court to refuse to give appellant's proposed instruction on entrapment.

## II. PROBATION

Appellant's argument that he was eligible for and should have been considered for probation and sentencing under Act 346

of 1975 is without merit. At the time of sentencing, appellant asked the court to consider probation under Act 346 of 1975 as an alternative. The trial judge responded that he did not feel he had the discretion to grant probation under the law.

Since the crime for which appellant was sentenced to ten years in prison was committed on February 6, 1991, before the amendments contained in Act 608 of 1991 went into effect, appellant was sentenced under the versions of the statutes this court interpreted in *Pennington* v. *State*, 305 Ark. 507, 808 S.W.2d 780 (1991). In *Pennington* we held that a trial court was allowed to consider alternative sentencing under Ark. Code Ann. §§ 5-4-301 to -311 (1987 & Supp. 1989) for an appellant who was found guilty of possession of cocaine with intent to deliver and sentenced to five years imprisonment under Ark. Code Ann. § 5-64-401(a)(1)(i) (1987) of the Uniform Controlled Substances Act.

Appellant in this case contends that he is eligible for probation and sentencing under Act 346 of 1975 (codified at Ark. Code Ann. §§ 16-93-301 to -303 (1987)). Section 16-93-303 provides in pertinent part:

> (a)(1) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.

We apply the plain meaning rule when the wording of a statute is clear and unambiguous. *Life Ins. Co. of Arkansas* v. *Ashley*, 308 Ark. 335, 824 S.W.2d 393 (1992). Act 346 of 1975 applies only to an accused who "enters a plea of guilty or nolo contendere prior to an adjudication of guilt." Appellant was adjudged guilty by a jury, therefore, the trial court correctly determined that he was not entitled to probation under Act 346 of 1975.

Appellant also contends the trial judge made his determination based on his reading of the Criminal Code as

codified at Ark. Code Ann. §§ 5-4-104 (1987) and 5-4-301. We do not see any indication in the record that the trial court was relying on these sections or even that appellant brought these sections to the attention of the trial judge. It is the duty of a party desiring relief to apprise the trial court of the proper basis upon which he relies in order to preserve an issue for appeal. *See Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992). We will not consider on appeal issues that the trial judge did not have a fair opportunity to consider. *Mays* v. *State*, 308 Ark. 39, 822 S.W.2d 846 (1992). In the case of requests for probation or a suspended sentence this requires appellant to cite the appropriate statute under which he claims he is entitled to such relief. While appellant's request for probation was specific it did not include an assertion that appellant was entitled to probation pursuant to sections 5-4-104 and 5-4-301. Therefore we will not address whether appellant would have been entitled to probation based on sections 5-4-104 and 5-4-301. *See Swanson* v. *State*, 308 Ark. 28, 823 S.W.2d 812 (1992).

Affirmed.