Yvonne WHITENER *v.* STATE of Arkansas

CR 92-556                                          843 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered December 21, 1992

*Paul Petty* and *Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Yvonne Whitener, raises three points for reversal of her six-year conviction for delivery of marijuana. None of the points has merit, and we affirm.

The circumstances of this case evolved out of an undercover drug operation where Whitener and undercover officer David Moore of the White County and Searcy Drug Task Force first met on July 11, 1991, at Moore's apartment. At that time, Moore received a sample bag of marijuana from Whitener. Later in the evening, he went to Whitener's house where, according to his testimony, she sold him a quarter-ounce bag of marijuana for $30. That sale formed the basis of a charge for delivery of marijuana filed against her.

At trial, following testimony, Whitener requested a jury instruction on the lesser included offense of possession of marijuana, but the circuit court denied the request, giving as its reason the fact that there was no rational basis for the instruction. The jury then found Whitener guilty of delivery of a controlled substance and sentenced her to six years imprisonment. At a subsequent hearing, Whitener's attorney urged the court to sentence his client under the Alternative Service Act, but the court refused.

Whitener first argues that the circuit court erred in not giving an instruction of possession of marijuana because the evidence at trial warranted an instruction on the lesser included

offense. This court has held in the past that possession of a controlled substance is a lesser included offense of delivery of a controlled substance because one cannot deliver a controlled substance without exercising some degree of dominion, control, and management over it. *See Glover* v. *State,* 273 Ark. 376, 619 S.W.2d 629 (1981), *citing* Ark. Stat. Ann. § 41-115(15) (Repl. 1977), now codified as Ark. Code Ann. § 5-1-102(15) (1987); *see also Hill* v. *State,* 33 Ark. App. 135, 803 S.W.2d 935 (1991).

■ The circuit court in this case before us, while accepting that possession is an included offense, ruled that based on the proof presented, there was no rational basis for the possession instruction. In doing so, the court referred to the apposite statute:

> (c) The Court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

Ark. Code Ann. § 5-1-110(c) (1987). The charge and proof by the state were for the actual delivery of marijuana, and Whitener did not testify. A jury, conceivably, could have disregarded this proof, acquitted Whitener of delivery, and found her guilty of the less serious charge of possession, but any rational basis for such a verdict is not readily apparent. Where no rational basis is present, we have affirmed the circuit court's refusal to give the instruction. *See e.g., Frazier,* v. *State,* 309 Ark. 228, 828 S.W.2d 838 (1992). We cannot say that the circuit court erred in declining to instruct on mere possession.

We next turn ot Whitener's contention that the circuit court was wrong not to consider probation or suspension under the Arkansas Criminal Code or the Uniform Controlled Substance Act. The argument is meritless. In 1991, the Arkansas General Assembly enacted Act 608 to eliminate confusion surrounding sentencing alternatives in drug-related cases under the Criminal Code and the UCSA. *See Pennington* v. *State,* 305 Ark. 507, 808 S.W.2d 780 (1991) (dictum). Act 608 amended two sections of the Criminal Code — Ark. Code Ann. §§ 5-4-104 and 5-4-301 — with regard to what sentences are authorized under the Code and when suspension or probation may be appropriate. In each section, Act 608 added the following category to a list of crimes for which suspension or probation was not appropriate.

(F) drug related offenses under the Uniform Controlled Substances Act, except to the extent that probation is otherwise permitted under that act.

Act 608 then added to this subsection: "In other cases, the court may suspend imposition of sentence or place the defendant on probation, except as otherwise specifically prohibited by statute."

■ It is clear that the reference to "other cases" in Act 608 where suspension or probation might be appropriate does not include drug-related offenses, except where the UCSA expressly provides for it. The UCSA does provide for probation for mere possession of marijuana, but not for delivery. See Ark. Code Ann. § 5-64-407 (1987). Act 608 makes it obvious that delivery of marijuana is simply not a crime where either probation or suspension is available to the circuit court for consideration as an appropriate sentence. The court correctly rejected Whitener's request.

In this same vein, Whitener argues that the circuit court found her eligible under the Alternative Service Act, now codified as Ark. Code Ann. § 16-93-501, et seq. (1987), but then erred in declining to follow the Act. "Eligible offender" is defined as:

> any person convicted of a felony offense other than a capital felony offense, or murder in the first degree, murder in the second degree, first degree rape or kidnapping, or aggravated robbery, and who has never been previously convicted of a felony offense, and whose interests, and the interests of the state, in the opinion of the sentencing trial court, could be better served by diversion under the provisions of this subchapter than by sentencing under other applicable penalty provisions established by law.

Ark. Code Ann. § 16-93-502(6)(A) (Supp. 1991).

Though the circuit court did find Whitener to be "eligible" under the Alternative Service Act, it is clear from the court's subsequent comments that it did not consider probation or suspension to be acceptable alternatives. The court noted that the jury has imposed the six-year sentence and that the sentence was commensurate with the crime. It added that alternative sentencing would not be "a proper disposition."

Moreover, the court never made the corollary finding that the interests of the state would in fact be better served by diversion to alternative sentencing under § 16-93-502(6)(A). Indeed, the court concluded exactly the opposite and found that the six-year sentence was "not unduly lengthy."

In sum, the court found that Whitener, though eligible, was not an appropriate candidate for alternative sentencing. Again, part of the reason for the court's ruling was the fact that Act 608 excludes probation and suspension as sentences to be considered for delivery of marijuana. There was no abuse of discretion by the circuit court. The conviction and judgment are affirmed.