156

CA CR 93-23                                    870 S.W.2d 398

Court of Appeals of Arkansas
Division II
Opinion delivered February 2, 1994

*Ronald L. Griggs*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. On January 27, 1987, appellant Robert Shelton entered a plea of nolo contendere to two charges of delivery of a controlled substance, marijuana, and was placed

on probation for five years and fined $1,000.00 plus costs. He was also ordered to reimburse the Arkansas State Police for $40.00 "buy money," and to serve ninety (90) days in jail.

By an order entered on January 27, 1992, it was found that appellant had paid all fines and costs assessed against him and had otherwise fully complied with the terms and conditions of his probation. He was, therefore, discharged from probation. On April 7, 1992, appellant filed a motion alleging that since he entered his plea he had fully complied with all the conditions of his probation and had been discharged, and he sought to have his record of conviction of the felony expunged. A hearing was held on August 21, 1992, in which appellant testified that this was the first time he had been charged with violating the law; that after his plea he strictly complied with all the terms of his probation; that he had married and had two children; that he had worked regularly for his father earning approximately $30,000.00 a year; that he had no further contact with the law since the plea; that he had quit running around, playing with a band, smoking marijuana, etc.; and that he had become a stable family man who works, enjoys the home life, and attends church regularly.

In a letter opinion delivered September 4, 1992, the trial judge held that he was without authority to expunge the appellant's record. The judge noted that appellant was not sentenced under Act 346 of 1975, Ark. Code Ann. § 16-93-301 through 303. Ark. Code Ann. § 16-93-303(a)(1) (1987) provides:

> Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, *without entering a judgment of guilt* and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court. [Emphasis added.]

And Ark. Code Ann. § 16-93-303(b)(1) through (b)(4) provides for expunging the defendant's record upon fulfillment of the terms and conditions of the probation. The trial judge held that because appellant had entered his plea of nolo contendere to

felony delivery of marijuana without reference to the above Act or statute and because appellant was sentenced to pay a fine of $1,000, the provisions of Ark. Code Ann. § 16-93-303(a)(1) were not followed and appellant's record could not be expunged. Furthermore, according to Ark. Code Ann. § 5-4-301(d), the imposition of a fine constituted a conviction and this also prevented him from expunging appellant's record.

On appeal appellant concedes that he was not sentenced pursuant to the provisions of Ark. Code Ann. § 16-93-303(a)(1) or Ark. Code Ann. § 16-93-502(6)(B) (1987), and that the imposition of the fine constituted a conviction. Appellant argues, however, that he should be afforded some remedy for his exemplary behavior besides having to apply to the Governor for a pardon. He claims that by refusing to expunge his record, the trial court abandoned the inherent powers of the court to act when statutory provisions are incomplete.

Arkansas Code Annotated section 5-64-407 (1987), the Uniform Controlled Substances Act, also provides for expunging the record. Without entering a judgment of guilt and with the consent of the accused the court may defer further proceedings and place the defendant on probation. After successful completion of probation, discharge and dismissal under this section, the defendant shall be without adjudication of guilt and the charge is not considered a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for a second or subsequent convictions under Ark. Code Ann. § 5-64-410. However, this disposition is not available for the offense of delivery of marijuana; it applies only to *possession* of a controlled substance. *See Whitener v. State*, 311 Ark. 377, 380, 843 S.W.2d 853, 854 (1992).

Appellant cites Ark. Code Ann. § 16-13-204(b) (1987) which gives the circuit courts the "power to issue all writs, orders, and process which may be necessary in the exercise of their jurisdiction, according to the principles and usages of law"; Ark. Code Ann. § 16-13-201 which states, "Where those actions and proceedings are not expressly provided for by statute, the actions and proceedings may be had and conducted by the circuit courts and judges, in accordance with the course, rules, and jurisdic-

tion of the common law"; and Ark. Code Ann. § 16-65-119(a) which provides, "A judgment rendered, or final order made, in the circuit or chancery court may be reversed, vacated, or modified, either by the Supreme Court or by the court in which the judgment was rendered, or order made." He argues that under these statutes the trial court should be able to issue a new order, sealing and expunging the court activity which occurred in 1987. Appellant asserts that the circuit court should balance appellant's one brush with the criminal justice system with his exemplary behavior since that time and exercise its inherent power, in the absence of a statute, to expunge his record of the conviction.

■ The Arkansas Supreme Court has repeatedly held that the extent of sentencing in criminal cases is controlled by the legislature and that Arkansas circuit courts have no inherent authority to fashion sentences. *See State* v. *Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993), in which the trial court ignored the mandate in Ark. Code Ann. § 5-4-104(a) and (e)(4) (1987) not to suspend imposition of sentence for habitual offenders and suspended a portion of appellant's sentence. On appeal by the State pursuant to Ark. R. Crim. P. 36.10(b-c) our supreme court stated:

> In *Southern* v. *State*, 284 Ark. 572, 683 S.W.2d 933 (1985), the court, quoting from *Sparrow* v. *State*, 284 Ark. 396, 683 S.W.2d 218 (1985), said, "It is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and the extent of punishment which may be imposed." This court has repeatedly held that sentencing in Arkansas is entirely a matter of statute. *Richards* v. *State*, 309 Ark. 133, 827 S.W.2d 155 (1992); *Sherrer* v. *State*, 294 Ark. 227, 742 S.W.2d 877 (1988). This court has also held that the minimum sentences for habitual offenders are mandatory. *McKillion* v. *State*, 306 Ark. 511, 815 S.W.2d 936 (1991). Further, this court has held that the power to grant or withhold the authority of trial judges to suspend execution of sentence conditioned on the defendant's good behavior properly lies with the General Assembly. *Tausch* v. *State*, 285 Ark. 226, 685 S.W.2d 802 (1985); *Hill* v. *State*, 276 Ark. 300, 634 S.W.2d 120 (1982); *Davis* v. *State*, 169 Ark. 932, 277 S.W.2d 5 (1925); *Holden* v. *State*, 156 Ark. 521, 247 S.W.2d 768 (1923).

312 Ark. at 37, 846 S.W.2d at 661.

■ Appellee argues that since appellant may seek to have his record expunged by applying for a pardon from the Governor of Arkansas, pursuant to Ark. Const. art. 6, section 18, it would violate the doctrine of separation of powers for the judiciary to also be able to expunge records. The Arkansas Supreme Court has been very careful to consider the separation of powers when reviewing the authority of trial courts to reduce a defendant's sentence. Because of the power to pardon held by the Governor, courts have no authority to reduce a defendant's sentence on the basis that it is unduly harsh. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Rogers* v. *State*, 265 Ark. 945, 582 S.W.2d 7 (1979); *Abbott* v. *State*, 256 Ark. 558, 508 S.W.2d 733 (1974). Appellee submits that, "[I]f the doctrine of separation of powers prevents circuit courts from reducing sentences of imprisonment, *a fortiori*, this same doctrine will prevent circuit courts from expunging the convictions that were the legal bases for the sentences of imprisonment."

■ We find the decision of the trial court was correct. A trial court does not have the power to expunge appellant's record when appellant was not sentenced under one of the statutes which specifically provides for expunging the record.

Affirmed.

COOPER and PITTMAN, JJ., agree.