STATE of Arkansas *v.* Scott Allen LANDIS

CR 93-1110                                              870 S.W.2d 705

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Scott E. Smith*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee Scott Landis pleaded guilty to the offense of delivery of less than ten pounds of marijuana, a class C felony. The trial court sentenced appellee to five years probation, placed him under house arrest for six months, and ordered him to pay court costs and restitution. The State objected to placing appellee on probation. The trial court overruled the objection and entered the probated sentence. The State appeals. We reverse and remand for resentencing.

The appellee committed the felony in November, 1991. At that time the applicable statutes in force provided that a court could not place a defendant on probation for drug related offenses under the Uniform Controlled Substance Act, except as provided in that Act. Ark. Code Ann. §§ 5-4-104(e)(1)(F) & 5-4-301(a)(1)(F) (Supp. 1991), *repealed by* Act 192 of 1993. The Act prescribes the punishment for delivery of less than ten pounds of marijuana as imprisonment for no less than four years nor more than ten years "and/or" a fine of no more than twenty-five thousand dollars. Probation is only authorized under the Act for *possession* of a controlled substance. Ark. Code Ann. § 5-64-407 (Repl. 1993). Appellee pleaded guilty to *delivery* of a controlled substance. In summary, at the time the offense was committed, the applicable statutes prohibited probation for delivery of a controlled substance, and, consequently, the trial court erred in placing appellee on probation.

We have decided the issue presented in this appeal on several occasions. *See, e.g., State* v. *Williams*, No. CR 93-870 (Ark. Jan. 10, 1994); *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993). Appellee contends these cases should be distinguished because they involve cocaine, not marijuana, and because the punishment for the offense of delivery of less than ten pounds of marijuana allows the imposition of a fine only, unlike an offense involving cocaine. The cases cannot be so distinguished. In *Whitener* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1992), we

affirmed the refusal of a trial court to impose probation or suspend imposition of sentence for the same offense, delivery of marijuana. In so doing we wrote: "Act 608 [sections 5-4-301(a)(1)(F) and 5-4-104(e)(1)(F)] makes it obvious that delivery of marijuana is simply not a crime where either probation or suspension is available to the circuit court for consideration as an appropriate sentence." *Id.* at 380, 843 S.W.2d at 854.

The State cited *Whitener* at the time it objected to the trial court placing appellee on probation. While it may seem incongruous that, at the time the crime was committed, a trial court could punish an offender by simply fixing a fine, but could not place a defendant on probation, such was the mandate of the statutes in effect. The statutes have now been amended, and this incongruity has been removed.

Reversed and remanded for resentencing.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. The appellant, Landis, was fined in this case. He was also placed on five years probation. The operable statute, Ark. Code Ann. § 5-64-401(a)(1)(iv) (Supp. 1991), provides that imprisonment "and/or" a fine may be the punishment for delivery of marijuana. The State concedes that a fine alone satisfies the statute. Yet, the majority reverses and remands for resentencing because the trial judge added a probationary period. I would affirm.

The confusion surrounding this matter is due to the substance involved. Schedule VI controlled substances include marijuana. Delivery of Schedule VI substances is a Class C Felony under § 5-64-401(a)(1)(iv). As already stated, a fine may be the sole punishment under this section.

Cocaine is a Schedule II controlled substance. Delivery of cocaine is a Class Y felony which carries with it a mandatory prison sentence. Ark. Code Ann. § 5-64-401(a)(1)(i) (Supp. 1991). A fine is not authorized as an alternative punishment for delivery of cocaine. Probation or suspension of the mandatory prison term is clearly disallowed for Schedule II substances. The two cases cited by the majority in its opinion, *State* v. *Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994) and *State* v. *Townsend*, 314

Ark. 427, 863 S.W.2d 288 (1993), were both cocaine cases as was *State* v. *Whale*, 314 Ark. 576, 863 S.W.2d 290 (1993).

The majority also cites *Whitener* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1992), in support of its position. This is a delivery-of-marijuana case but what distinguishes that case from the present case is that no fine was imposed in *Whitener*; only a prison sentence was. The defendant argued that the trial court should have suspended the sentence or placed him on probation, but the trial court correctly refused to do that, and we affirmed. But had a fine been imposed in *Whitener*, that penalty would have complied with the minimum requirements of Ark. Code Ann. §5-64-401(a)(1)(i), and no prison term would have been required.

Because § 5-64-401 (a)(1)(i) requires only a fine for delivery of marijuana, the trial judge's sentence was in accord with the statute. The fact that he tacked on an additional probationary sentence does not void the sentence. We have only reversed sentences where imprisonment was the *only* pronounced penalty and where the trial court suspended the sentence or placed the defendant on probation.

It is unclear to me what the majority has decided in this case. Is the case being remanded so that the trial judge can simply fine Landis and remove the five-year probation? The trial judge made it clear that he did not believe Landis was a candidate for prison. Or is the majority suggesting or requiring that Landis be sentenced to some period of imprisonment, irrespective of the judge's comment? Or is the majority remanding for a complete resentencing in light of the fact that it is denying probation as an option accompanying the fine?

The trial judge's sentence was just and justifiable under the statute. It should be affirmed.