STATE of Arkansas *v.* Robin Michel GALYEAN

CR 93-1113                                  870 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*Scott E. Smith*, for appellee.

STEELE HAYS, Justice. This is an appeal by the State of Arkansas under Ark. R. Crim. P. 36.10 asserting that the circuit court imposed an illegal sentence for the crime of delivery of marijuana. The state's argument must be sustained.

The appellee, Robin Michel Galyean, was charged with a class C felony: delivery of less than ten pounds of marijuana on March 21, 1992. Ms. Galyean pled guilty and, over the state's specific objection to the sentence, the trial court placed her on

probation for seven years and ordered her to pay restitution in lieu of a fine.

The state contends that Ark. Code Ann. §§ 5-4-301(a)(1)(F) (Supp. 1991) and 5-4-104(e)(1)(F) (Supp. 1991) prohibit a circuit court from placing a defendant guilty of delivery of marijuana on probation. Act 608 of 1991 amended both § 5-4-301 and § 5-4-104 by adding the following category to a list of crimes which shall not admit probation:

> [d]rug related offenses under the Uniform Controlled Substance Act, § 5-64-101 et seq. except to the extent that probation is otherwise permitted under subchapters 1-6 of Chapter 64.

The Uniform Controlled Substance Act does provide for probation for mere possession of marijuana, but not for delivery. *Whitener* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1993); Ark. Code Ann. § 5-64-407 (1987).

We have consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *State* v. *Townsend*, 312 Ark. 427, 863 S.W.2d 288 (1993). At the time appellee's crime occurred (March 21, 1992) Ark. Code Ann. § 5-64-401(a)(1)(iv) (Supp. 1991) provided that any person found guilty of delivery of less than ten pounds of a Schedule VI controlled substance shall be: Imprisoned no less than four (4) nor more than ten (10) years *and/or* fined no more than twenty-five thousand dollars ($25,000).[1](Emphasis supplied.) Although § 5-64-401(a)(1)(iv) (Supp. 1991) allows for only a fine, this statute must be read in conjunction with § 5-4-301(a)(1)(F) (Supp. 1991) and § 5-4-104(e)(1)(F) (Supp. 1991). Both § 5-4-301(a)(1)(F) (Supp. 1991) and § 5-4-104(e)(1)(F) (Supp. 1991) clearly state that probation is not appropriate. Indeed, we have held that delivery of marijuana is simply not a crime where either probation or suspension is available to the circuit court for consideration as an appropriate sentence. *Whitener, supra.*

As we pointed out in *State* v. *Williams*, CR93-870,

---

[1]Marijuana is a Schedule VI controlled substance. *Bushong* v. *State*, 267 Ark. 113, 589 S.W.2d 559 (1979), cert. denied 446 U.S. 938 (1980).

decided January 10, 1994, Act 192 of 1993 amends § 5-4-301(a)(1)(F) and § 5-4-104(e)(1)(F) to remove the language from the two statutes which prohibited trial courts from imposing suspended imposition of sentence or probation on controlled substance offenders. Act 192 of 1993 became effective on August 13, 1993, and it does not provide for retroactive application; therefore, its operation is prospective only. *State v. Whale*, 314 Ark. 576, 863 S.W.2d 290 (1993); *Williams, supra.*

For the reasons stated, the judgment is reversed and the case is remanded for resentencing.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I dissent. *See State v. Landis*, 315 Ark. 681, 870 S.W.2d 705 (1994) (BROWN, dissenting opinion).