The Honorable R. Gunner DeLay State Representative 2525 Rogers Avenue Fort Smith, Arkansas 72902
Dear Representative DeLay:
This is in response to your request for an opinion on whether a circuit judge can expunge a DWI or "driving while intoxicated" conviction after it is entered of record.
It is my opinion that a circuit judge may do so only pursuant to statutory authority. There is currently no statutory authority to expunge any misdemeanor DWI conviction. There is a statute, however, which would allow a judge to expunge a felony fourth DWI offense, provided certain conditions are met.
As an initial matter, it should be noted that it has been held that a judge has no inherent authority to expunge a conviction. Shelton v.State, 44 Ark. App. 156, 870 S.W.2d 398 (1994). Expungement must be accomplished pursuant to statute. There are several statutes which provide for the expungement of convictions under certain circumstances.See, e.g., Act 378 of 1975, codified at A.C.A. §§ 16-93-501 through -501, the "Alternative Service Act"; Act 346 of 1975, codified at A.C.A. §§16-93-301 through -304 (1987), the "First Offender Act"; A.C.A. §16-90-601, pertaining to offenders under sixteen years of age; A.C.A. §16-90-602, pertaining to offenders under eighteen years of age; and A.C.A. § 16-93-1207, a newly enacted provision relating to "community punishment." My research has disclosed no provision of law, however, which authorizes the expungement of any misdemeanor conviction, much less a misdemeanor DWI conviction. In addition, a review of the statutes cited above reveals that the "Alternative Service Act" was repealed in 1994, the "First Offender Act" does not contemplate a judgment of conviction being entered of record as your question suggests, and in addition, the Omnibus DWI Act provides that the "First Offender Act" may not be applied to DWI cases. See A.C.A. § 5-65-108 (1987). Additionally, while it is arguable that a felony DWI conviction could be expunged under the provisions of either A.C.A. §§ 16-90-601 or -602, these statutes have reference to only very young offenders. Section 16-90-601 applies only to persons who committed felonies when under the age of sixteen, were given suspended sentences, were pardoned, and have not since been convicted of another criminal offense. In my opinion this statute would not, in all probability, be available to a DWI felon, which of necessity requires the offense to be a fourth or subsequent offense. In addition, while A.C.A. § 16-90-602, which applies to persons who committed felonies while under the age of eighteen, could arguably be used to expunge a DWI felony conviction, it may also be argued that the legislative intent of A.C.A. § 5-65-108 (a provision of the Omnibus DWI act) would prohibit such a conviction from being expunged under this statute.
There is a statute, however, which does appear to clearly authorize the expungement of a felony DWI conviction. In 1993 the legislature enacted Acts 531 and 548 of 1993, relating to community punishment. Section16-93-1207 provides in pertinent part as follows:
 (b)(1) Upon successful completion of probation or a commitment to the Arkansas Department of Correction with judicial transfer to the Department of Community Punishment for one of the offenses targeted by the General Assembly for community punishment placement, the court may direct that the record of the offender be expunged of the offense of which the offender was convicted under the following conditions:
 (A) That the offender was under the age of twenty-six (26) years at the time of the commission of the felony offense and had not more than (1) previous felony conviction and that the previous felony was other than a conviction for a capital offense, or murder in the first degree, murder in the second degree, first degree rape, kidnapping, or aggravated robbery; or
 (B) That the offender was over[1] the age of eighteen (18) years of age and does not have a previous conviction for the offense of delivering controlled substances to a minor, as prohibited in § 5-64-701(a)(2); or
(C) That the offender has no prior felony convictions.
Driving while intoxicated, fourth offense, is listed in the group of offenses "targeted" by the General Assembly for inclusion in this community punishment program. See Act 548 of 1993, § 3. Thus a "DWI 4" felony conviction can be expunged pursuant to the statute above.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] This seems an incongruous result when read in light of the other subsections. It is my understanding that this language was fashioned after Act 378 of 1975 (repealed). The intent of Act 378, in my opinion, has not been accurately reflected in subsection (b)(1)(B). Because it does not appear to form the primary basis of your question, however, this point will not be discussed in further detail herein.