The Honorable Bill Bridgforth, Chair State Board of Law Examiners P.O. Box 8509 Pine Bluff, AR 71611
Dear Chairman Bridgforth:
I am writing in response to your request for my opinion regarding the effect of Rule XIII of the Rules Governing Admission to the Bar (Rules)
(Court Rules Volume, Arkansas Code of 1987 Annotated, 2000) on a pending application for readmission to the bar. You summarize the background as follows:
 Paragraph one [sic] of Rule XIII of the Rules incorporates by reference Section 7.L. of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law (Procedures) (Court Rules Volume, Arkansas Code of 1987 Annotated, 2000). That section deals with readmission to the bar after surrender of license. In summary, Section 7.L. of the Procedures, in subsection (2), states that: "application . . . shall not be allowed . . . [if] (b) the disbarment or surrender resulted from conviction of a felony criminal offense other than commission of a felony offense for which the culpable mental state was that of negligence or recklessness."
 The Board has before it an application from an individual who, in 1995, "plead [sic] guilty" and was "found guilty" on two felony charges. Thereafter, in 1998, an "Order for Discharge, Dismissal and to Seal" was entered. The order purports to discharge the applicant without an adjudication of guilt in accord with A.C.A. 5-64-407. His record was "expunged" pursuant to A.C.A. 16-90-901. . . .
 This issue is a matter of first impression for the Board of Law Examiners. Section 7.L. of the Procedures was adopted in 1998. The applicant surrendered his license in 1995. Nonetheless, Section 1.A. of the Procedures clearly makes the "limitations and special requirements" of 7.L. applicable to the instant case.
 We seek your opinion as the whether the judgment is a "felony conviction" for the purpose of application of Section 7.L.(2)(b). Further, we invite your comment upon the possible conflict in the statutes mentioned above (Arkansas Code of 1987 Annotated, § 5-4-301) and those cited in the "Order for Discharge, Dismissal and to Seal."
RESPONSE
In my opinion, the document you have submitted captioned "Judgment" is a "felony conviction" to the extent that it imposes a fine. A.C.A. §5-4-301(d)(1) (Supp. 1999). Although the court's subsequent "Order for Discharge, Dismissal and to Seal" (the "Order") purports to expunge this conviction, for reasons discussed below, I believe the court lost jurisdiction to review the conviction once the time for filing post-trial motions regarding the fine had passed. Accordingly, I believe the conviction stands, triggering application of Section 7.L.(2)(b), which would preclude the applicant from applying for readmission to the bar.
Section 7.L. of the Procedures of the Arkansas Supreme Court RegulatingProfessional Conduct of Attorneys at Law, which I agree applies, provides in pertinent part:
Readmission to the Bar.
 (1) No attorney who has been disbarred or surrendered his or her law license in this State shall thereafter be readmitted to the Bar of Arkansas except upon application made to the State Board of Law Examiners in accordance with the Rules Governing Admission To The Bar, or any successor rules, and the approval of the Arkansas Supreme Court.
 (2) Provided, however, that application for readmission to the Bar of Arkansas shall not be allowed in any of the following circumstances:
* * *
 (b) The disbarment or surrender resulted from conviction of a felony criminal offense other than commission of a felony offense for which the culpable mental state was that of negligence or recklessness. . . .
You have attached to your request two court rulings relating to the applicant for readmission — one captioned "Judgment" and the other "Order for Discharge, Dismissal and to Seal" (the "Order"). The Judgment notes that the defendant pled guilty to various offenses, including felony possession of drug paraphernalia and felony possession of a controlled substance, and declares that the defendant is "found guilty." The Judgment imposes a fine and a ten-year term of probation. The Judgment concludes:
 If the Court revokes the Defendant's probation, a Judgment of Conviction shall be entered against the defendant and the court may then impose any sentence upon the defendant that could have been imposed on his original plea of guilty. . . .
The Order, issued some three years later, declares: "Defendant was sentenced without an adjudication of guilty under the provisions of A.C.A. 5-64-407, which provides for the dismissing and sealing of a defendant's records under the provisions of A.C.A. 16-90-901." The Order acknowledges that the defendant has met the conditions of probation and declares that he is entitled to "early expungement" of his record and discharge "without an adjudication of guilt." The Order further declares that "the proceedings herein and previous order herein shall not affect any of the Defendant's civil rights or liberties."
Section 5-64-407 of the Code, captioned "Probation — Discharge and dismissal," provides:
 Whenever any person who has not previously pleaded guilty or been found guilty of any offense under subchapters 1-6 of this chapter or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under § 5-64-401, with the exception of a conviction for possession of a substance listed under Schedule I, the court, without entering a judgment of guilt and with the consent of the accused may defer further proceedings and place him on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court. The court may require as a condition for probation that the defendant undergo an evaluative examination by a physician or medical facility approved by the court and, if warranted, undergo in-patient or out-patient treatment and rehabilitation for drug abuse. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for a second or subsequent conviction under § 5-64-410 [repealed]. There may be only one (1) discharge and dismissal under this section with respect to any person. A person against whom such proceedings are discharged or dismissed may seek to have the criminal records sealed, consistent with the procedures established in § 16-90-901 et seq.
Section 16-90-902 of the Code, captioned "Effect of expungement," provides:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
See also A.C.A. § 5-4-311(a) (Supp. 1999) ("If a judgment of conviction was not entered by the court at the time of suspension or probation and the defendant fully complies with the conditions of suspension or probation for the period of suspension or probation, the court shall discharge the defendant and dismiss all proceedings against him.").
You have asked me to address the interplay of these statutes with A.C.A. § 5-4-301(d)(1) (Supp. 1999), which provides:
 When the court suspends the imposition of sentence on a defendant or places him on probation, the court shall enter a judgment of conviction only if:
 (A) It sentences the defendant to pay a fine and suspends imposition of sentence as to imprisonment or places the defendant on probation; or
 (B) It sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment.
In the enclosed Ark. Op. Att'y Gen. No. 2001-004, I opined that this statute mandates entering a judgment of conviction if the defendant has been sentenced to a fine, imprisonment or both. In the present case, the defendant was assessed a significant fine, which the statute just recited clearly identifies as "a judgment of conviction." See also, Merritt v.Jones, 259 Ark. 380, 383 533 S.W.2d 497 (1976) ("[W]e adopt the principle that there can be no fine without a conviction."). Section 5-4-311(a) (Supp. 1999) of the Code provides that the entry of this judgment precludes a discharge and dismissal of charges:
 If a judgment of conviction was not entered by the court at the time of suspension or probation and the defendant fully complies with the conditions of suspension or probation for the period of suspension or probation, the court shall discharge the defendant and dismiss the proceedings against him.
(Emphasis added.) In my opinion, then, the court was mistaken in entering the Order purporting to dismiss the felony charges. See Shelton v.State, 44 Ark. App. 156, 157-58, 870 S.W.2d 398 (1994) (approving in dictum a trial court's determination that a first-time drug offender who had been assessed a $1,000 fine and placed on probation was precluded by operation of A.C.A. § 5-4-301(d) from seeking an expungement of his conviction under A.C.A. § 16-93-303, which tracks A.C.A. § 16-90-902 in dictating that the court may discharge the defendant upon completion of probation "without entering a judgment of guilt").
Nevertheless, merely opining that the court erred does not establish that its action in expunging the conviction is a nullity. A circuit court clearly has jurisdiction to apply or to misapply the statutes at issue in a matter properly before it, subject to challenge on appeal. In the present case, I assume the defendant complied with the statutory requirement of notice to the prosecution when he applied for expungement. A.C.A. § 16-90-904(b)(1) (Supp. 1999). I further assume that the prosecution failed to appeal the expungement, which might suggest that the court's action is now beyond review.
However, these assumptions cannot overcome the fact that the court's imposition of the fine was itself a "judgment of conviction" that divested the trial court of jurisdiction over that aspect of the case, subject only to the qualification that the defendant had 30 days to file a post-judgment motion. See Ark. R. Crim. P. 33.3. Indeed, in Harmon v.State, 317 Ark. 47, 51-52, 876 S.W.2d 240 (1994), the Supreme Court went so far as to rule that once the sentence of a fine is put into effect, the trial court "loses jurisdiction to modify or amend the original sentence," including the conditions of probation. In support of this conclusion, the court quoted the following commentary from Ark. Stat. Ann. § 41-1201(3) — the identical predecessor statute to A.C.A. §5-4-301(d)(1):
 Subsection (3) excepts two situations from the general rule that a judgment of conviction is not to be entered when a court orders suspension or probation. The first is when the court fines the defendant and suspends or probates him only as to imprisonment. The court must enter a judgment of conviction if it is to have a basis for imposing a fine. Furthermore, the defendant who is found guilty of an offense and sentenced to pay a fine only has clearly been "convicted" of the offense. The result should not be different when the court suspends imposition of sentence or places him on probation as to imprisonment.
Id. at 51. The legislature remedied what it saw as the problems arising from this ruling by Act 1569 of 1999, which expressly provided that a court might modify the conditions of probation following the entry of a judgment of conviction imposing a fine. A.C.A. § 5-4-301(d)(2) (Supp. 1999). However, it remains the case that the court lacks jurisdiction to alter that portion of the sentence it has actually imposed rather than suspended. See Oak Hill Manor, LLC v. Arkansas Health Services Agency,
72 Ark. App. ___, ___ S.W.3d ___, 2001 WL 167793 (February 21, 2001) (declaring that the trial court lacked jurisdiction to enter a substituted judgment following running of applicable deadlines and that the substituted order was consequently a nullity).
I am neither acquainted with nor authorized to find the facts giving rise to entry of the Order. However, I can and will opine that a trial court lacks jurisdiction to alter, amend or expunge a judgment of conviction imposing a fine once the time for filing post-judgment motions has run. Assuming the Order was entered outside this time-frame, I believe it is ineffective to expunge the applicant's felony conviction. The Order might further be criticized as having impermissibly modified a condition of probation by shortening from ten years to three the period probation would run. The court made this modification in 1998 — one year before post-fine modifications of probation were sanctioned by Act 1569. Under the then applicable Harmon standard, this objection likewise suggests a lack of jurisdiction in the court, as opposed to merely alleging a misapplication of law. It would appear to follow that the candidate's application is barred by operation of Section 7.L.
I must confess to considering this conclusion somewhat draconian when applied to a defendant who has been "convicted" only by imposition of a fine in conjunction with a successfully concluded probation. Given what I consider the clearly generous rehabilitative purpose underlying A.C.A. §5-64-407, I harbor some doubt whether the legislature intended A.C.A. §5-4-301(d) to trigger the consequences described in Shelton. As suggested in the above recited commentary to Ark. Stat. Ann. § 41-1201(3), the motivation for requiring an entry of judgment in imposing a fine may be procedural rather than punitive, insofar as "[t]he court must enter a judgment of conviction if it is to have a basis for imposing a fine." Nevertheless, as the law now stands, I can only agree with the court's analysis. In my opinion, then, the Board may consider the application at issue only if it is invested with sufficient discretion to ignore the application of Section 7.L.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh