CITY OF FORDYCE *v.* DUNN.

4-8848                                          220 S. W. 2d 430

Opinion delivered May 9, 1949.

Rehearing denied June 6, 1949.

*Thomas E. Sparks,* for appellant.

*Thomas B. Adams* and *A. Mack Rodgers,* for appellee.

Griffin Smith, Chief Justice. In 1943 the City of Fordyce enacted an ordinance designed to regulate garages, filling stations, and bus or truck depots. Section 3 of the ordinance requires that a permit be procured as a condition precedent to the right to build a structure for any of the uses mentioned, or for converting an existing structure to such use. Violation is a misdemeanor punishable by fine not to exceed $50, each unauthorized day of operation being a separate offense.

Mrs. Fay Clyde Dunn owns a lot on Fourth and Graham streets, and in June 1948 filed with the Recorder her request for permission to construct and operate a filling station on the property. When the application was presented to the City Council, the Recorder was directed to publish notice that a hearing would be had June 28. By unanimous action of all Councilmen who participated the application was denied. Alderman Leroy Turner did not vote.

This appeal is from a Chancery Court decree enjoining the Council from enforcing the ordinance as to Mrs. Dunn, and authorizing her "to construct, as she sees proper, a filling station on the property in question."

The Chancellor expressly found that the Council had acted honestly and in good faith, "with the public interest in mind," and in response to its best judgment, but had exceeded its authority "under this ordinance."

It will be observed that the Court did not hold the ordinance void. The opinion seems to have been that, granting the City's right to regulate, power was lacking under the ordinance to prohibit erection of the building in the circumstances disclosed by the proof.

A City's right to promulgate and enforce ordinances of the tenor here questioned was sustained in *Van Hovenberg* v. *Holman,* 201 Ark. 370, 144 S. W. 2d 718. In essentials the controversy presents facts similar to those discussed in the Holman case, one distinction being proof relating to character of the area in question —whether residential or business property. Van Hovenberg relied on an ordinance requiring a permit before constructing or operating a filling station. In holding that the power derived from §§ 9543 and 9589 of Pope's Digest, irrespective of zoning regulations, it was said that public policy of Texarkana was expressed in the ordinance. In reviewing reasons for holding the ordinance enforcible, this Court said: "The prohibition against erecting and operating filling stations without permission was a regulation within the City's police power, intended for the benefit of all. Many factors are involved. The use of gasoline, oils, and other inflammables creates fire hazards which the City may regulate. Whether a particular community, (suitable, preferentially, as a residential district) shall be invaded by construction and operation of a filling station is a matter which, under State laws, may be regulated, even though the station, *per se,* is not a nuisance."

In his summation of issues in the case at bar, Judge Haynie commented: "I believe this property is just across the street from another filling station, and [the application for a permit] should not be considered entirely on the ground of residential interests. From all of the testimony and circumstances shown, the building up of Fordyce will probably extend westward."

Whether location of the filling station on the lot owned by appellee would be a well-disposed transaction in respect of City interests was a matter to be determined by the municipality's governing body; and unless an abuse of discretion be shown, Courts will not arrest its acts. See McQuillin on Municipal Corporations, Vol. 1, § 380, (2d Ed. rev., p. 1068).

In *Herring* v. *Stannus,* 169 Ark. 244, 275 S. W. 321, the same principle as that presented in the instant ap-

peal was discussed in upholding the Little Rock City Council's action in granting a filling station permit in a zoned area. The presumption was indulged that the Council, in exercising the power conferred upon it, had acted "in a fair, just, and reasonable manner. . . . [Because] conditions vary in different portions of an area, . . . if any discretion is to be exercised, that right must be vested in some one, and no more appropriate agency for that purpose could be constituted than the Council of the City, where the duty and the authority to pass upon the question [were] vested".[1]

So here, the question being one involving discretion, and the Council having acted on a record showing sharp differences of opinion, and the Chancellor having found that it acted in the utmost good faith and that the unanimous vote of all who participated was in response to the better judgment of each, the act must stand unless the Council, in changed circumstances, should again consider the matter.

The decree is reversed.

---

[1] The opinion, written by Mr. Justice FRANK G. SMITH, contained the further statements that "This was a question about which reasonable minds might differ, and did differ sharply as reflected by the testimony in the case, and the ordinance constituted the Council as the tribunal to pass upon this question. . . . [Discretion to approve or reject the petition], in so far as discretion abides, is vested in the City Council, charged by law with the duty of passing on the question, and does not rest in the Courts which review the Council's actions."