THE CITY OF CONWAY, ARKANSAS *v.*
THE HOUSING AUTHORITY OF THE
CITY OF CONWAY, ARKANSAS

79-36                                          584 S.W. 2d 10

Opinion delivered July 9, 1979
(In Banc)

*Jesse W. Thompson,* for appellant.

*Henry & Graddy,* by: *Robert H. Henry,* for appellee.

JOHN I. PURTLE, Justice. The Conway Housing Authority is the owner of a block of land in the city of Conway, which is classified as residential (R-3). It is bounded across the entire south, east and north sides by property classified as B-3, which is Highway Service District. It is bounded on the west by property zoned B-1, which is Central Business District. Therefore, this property, which formerly contained multi-family residential buildings, is an island within the business district. All of the houses have been razed and there are no structures whatsoever on the property. The appellee attempted to sell the property while still classified as residential but was unable to obtain any bids. The city of Conway did offer to take the property off its hands for the amount of indebtedness against it. The evidence indicates the city of Conway desired the property for use as a B-3 classification. Appellee's application to rezone the property was denied by the planning committee and its action was affirmed by the city council. Appellee then filed complaint in the Faulkner Chancery Court and after a hearing the court rezoned the property as commercial (B-3). It is from this decree the appellant appeals.

The three points argued for reversal are as follows:

I.

THE COURT ERRED IN HOLDING FOR APPELLEE SINCE APPELLEE FAILED TO SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT THE CITY'S ACTION WAS ARBITRARY AND UNREASONABLE.

II.

THE COURT ERRED BY SUBSTITUTING ITS OPINION FOR THAT OF THE LEGISLATIVE ENTITY IN THIS ZONING DECISION ABSENT A CLEAR SHOWING OF ARBITRARINESS BY THE CITY.

### III.

## THE COURT ERRED IN REZONING THE PROPERTY DIRECTLY BY DECREE RATHER THAN BY ORDERING THE CITY TO REZONE BY ORDINANCE.

1924 Ark. Acts, No. 6, is the basic authority for zoning regulations by cities in Arkansas. This act is codified as Ark. Stat. Ann. §§ 19-2804 - 2807. 1924 Ark. Acts, No. 6, § 3, gives the right to adjacent property owners to appeal to the chancery court to protect their property from depreciation by reason of setting up exceptions to the zoning ordinances. The act is silent as to the procedure to be used when property owners are otherwise aggrieved by the act. However, we have traditionally reviewed such matters when they have been handled in chancery court. Since there is generally no procedure to appeal the decisions of the cities, it is logical that either the chancery or circuit court would have jurisdiction to hear complaints on this subject.

The zoning statute was first considered by this Court in the case of *Herring* v. *Stannus,* 169 Ark. 244, 275 S.W. 321 (1925). The *Herring* case involved the application of a property owner to erect a filling station at the southwest corner of Wright Avenue and Wolfe Street in the city of Little Rock, Arkansas. The neighbors adjacent to this property protested the granting of the permit by the city by filing an action in the chancery court. This type action was specifically authorized by the General Assembly and appears as Ark. Stat. Ann. § 19-2806. There we held the statute and the ordinances were constitutional and, further, that the city had not abused its discretion in granting the permit. In *Herring* we stated:

> As we have said, it is to be presumed that the council will exercise the power conferred on it in a fair, just and reasonable manner, and its action in the instant case indicates that the power to grant or to withhold permission to erect a forbidden structure in the restricted area was properly vested in the council. The ordinance is not prohibitory, but is regulatory. Conditions vary in different portions of an area as extensive as the restricted district established by the ordinance under review, and,

if any discretion is to be exercised, that right must be vested in some one, and no more appropriate agency for that purpose could be constituted than the council of the city, where the duty and authority to pass upon the question was vested.

The matter was considered again in *McKinney* v. *City of Little Rock*, 201 Ark. 618, 146 S.W. 2d 167 (1941), wherein we held the supreme court should not substitute its judgment for that of the city council and the trial court holding that the classification of appellant's property for zoning purposes was reasonable, unless we could say from the evidence that the findings of the city council and the decision of the trial court are unreasonable and arbitrary. A somewhat similar situation was considered in *City of Fordyce* v. *Dunn*, 215 Ark. 276, 220 S.W. 2d 430 (1949). The city council of Fordyce denied Dunn the right to operate a service station in a residential neighborhood. The chancery court reversed although it found that the city council acted honestly and in good faith but had exceeded its authority. The chancellor then enjoined the city from interfering with the right of the property owner to erect a service station in the residential area. There we reversed and stated:

So here, the question being one involving discretion, and the Council having acted on a record showing sharp differences of opinion, and the Chancellor having found that it acted in the utmost good faith and that the unanimous vote of all who participated was in response to the better judgment of each, the act must stand unless the Council, in changed circumstances, should again consider the matter.

In a case involving a factual situation very similar to the present case we held that the findings of the municipal authorities in reclassifying would not be overruled by the courts unless such action by the municipality was unreasonable and arbitrary. *Evans* v. *City of Little Rock*, 221 Ark. 252, 253 S.W. 2d 347 (1952). Again, we held that the zoning action of the city must not be arbitrary or capricious or wholly inequitable. *City of West Helena* v. *Brockman*, 221 Ark. 677, 256 S.W. 2d 40 (1953).

Residential property which is adjacent to business zoned property is not automatically entitled to rezoning as business property. This is so even though the highest and best use of the property might be other than residential. To allow such rule would be to violate the zoning act itself. If we were to allow any property abutting business property to be rezoned as business property, there would be no need of a zoning ordinance in the first place. We have stated too many times to mention that the court should sustain the city's action in zoning matters unless it is found that the municipality was arbitrary in setting up the ordinance. *Baldridge* v. *City of North Little Rock,* 258 Ark. 246, 523 S.W. 2d 912 (1975).

The General Assembly saw fit to give cities the right to exercise zoning authority when it enacted 1924 Ark. Acts, No. 6. This granted the cities the right to legislate upon zoning matters. This right is, of course, not unlimited. Therefore, when a municipality, pursuant to authority granted by the General Assembly, takes action in zoning classifications, it is exercising a legislative function and is not subject to review by the courts of its wisdom in so doing. *Little Rock* v. *North Little Rock,* 72 Ark. 195, 79 S.W. 785 (1904); *Little Rock Railway & Electric Company* v. *Dowell,* 101 Ark. 223, 142 S.W. 165 (1911). Neither do the courts have power to review such legislative action by the cities in a de novo manner. In fact, when the General Assembly attempted to grant the courts power to review such actions de novo, we held such action unconstitutional. *Wenderoth* v. *City of Fort Smith,* 251 Ark. 342, 472 S.W. 2d 74 (1971). Therefore, it follows that the power of the court to review the action of the municipalities is limited to determining whether or not such action was arbitrary, capricious, or wholly inequitable. The judiciary has no right or authority to substitute its judgment for that of the legislative branch of government. In zoning matters the General Assembly has delegated legislative power to the cities in matters relating to zoning property. The role of the courts is, therefore, simply to determine whether or not the action of the municipality is arbitrary. Arbitrary has been defined as "arising from unrestrained exercise of will, caprice, or personal preference; based on random or convenient choice, rather than on reason or nature." Courts are not super zoning commissions and have no authority to classify property according to zones.

In the present case the chancellor heard the evidence and inspected the property. He determined that the action of the city in this case was arbitrary. We agree with the chancellor in so holding. It is obvious the city of Conway wants to obtain title to this particular property and thereafter reclassify it either as B-1 or B-3. The property on all four sides is presently so rezoned. Although there is a possibility the use made of the property will create some additional traffic problem, such possibility does not outweigh the other factors which clearly demonstrate the action of the city in refusing to rezone the property as being arbitrary.

We agree with the learned chancellor that the city of Conway was arbitrary in refusing to rezone this property to classify it as B-3. Therefore, the case is remanded with directions to direct the city of Conway to rezone the property with all deliberate speed.

Affirmed as modified.