Mark Lee FULMER *v.* STATE of Arkansas

98-1205                                           987 S.W.2d 700

Supreme Court of Arkansas
Opinion delivered April 8, 1999

*Danny M. Rasmussen*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Mac Golden*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Mark Lee Fulmer appeals the order of the Faulkner County Circuit Court denying his petition to seal his criminal record pursuant to Ark. Code Ann. § 16-93-1207 (Supp. 1997). This appeal was certified to us from the Arkansas Court of Appeals on the basis that it presents an issue of statutory interpretation that requires clarification of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (6). For reversal, Appellant argues that the trial court erred in ruling that it lacked jurisdiction to expunge his record. We find merit to Appellant's argument and reverse.

Appellant pleaded guilty to the charge of driving while intoxicated (DWI), fourth offense, on December 11, 1995. The judgment and disposition order reflects that Appellant was sentenced to twenty-four months in the Arkansas Department of Correction and was ordered to pay a fine and court costs. The order provided that Appellant was to be judicially transferred to the Department of Community Punishment for drug and alcohol treatment at Choices. On December 12, 1997, Appellant filed a petition to seal and expunge his DWI record pursuant to section 16-93-1207(b)(1). The State stipulated that Appellant had completed his sentence and paid his fine and costs. The State also conceded that because Appellant was sentenced to the Department of Community Punishment, the expungement provisions of section 16-93-1207 would apply to his case. The State maintained, however, that under *Shelton v. State*, 44 Ark. App. 156, 870 S.W.2d 398 (1994), Appellant's record could not be expunged

because he had not been specifically sentenced under an expungement provision.

The trial court denied Appellant's requested relief, finding that it lacked jurisdiction to expunge his criminal record under the holding in *Shelton*, 44 Ark. App. 156, 870 S.W.2d 398. The trial court relied on the following language from that case:

> A trial court does not have the power to expunge appellant's record when appellant was not sentenced under one of the statutes which specifically provides for expunging the record.

*Id.* at 160, 870 S.W.2d at 400. The trial court found significant the fact that the *Shelton* court made no reference to section 16-93-1207, which the trial court noted was included in Act 531 of 1993 and was in effect at the time *Shelton* was decided. Thus, the trial court concluded that section 16-93-1207 was inapplicable to Appellant's situation.

On appeal, Appellant argues that the trial court erred in denying the petition on the basis that it lacked jurisdiction to expunge his criminal record pursuant to section 16-93-1207. We agree.

Section 16-93-1207, provides in pertinent part:

> (a) Upon the sentencing or placing on probation of any person under the provisions of this subchapter, the sentencing court shall issue an order or commitment, whichever is appropriate, in writing, setting forth the following:
>
> (1) That the offender is being:
>
> . . . .
>
> (B) Committed to the Department of Correction with judicial transfer to the Department of Community Punishment;
>
> . . . .
>
> (b)(1) *Upon the successful completion of probation or a commitment to the Arkansas Department of Correction with judicial transfer to the Department of Community Punishment for one of the offenses targeted by the General Assembly for community punishment placement,*

*the court may direct that the record of the offender be expunged of the offense of which the offender was convicted under the following conditions:*

. . . .

(C) That the offender has no prior felony convictions. [Emphasis added.]

██ It is clear from the language of subsection (b)(1) that the circuit court has the ability to expunge an offender's criminal record if the offender (1) has successfully completed a sentence under the Community Punishment Act, Ark. Code Ann. §§ 16-93-1201 to -1210 (Supp. 1997), (2) for a target offense, and (3) has no prior felony convictions. Here, there is no dispute that Appellant was sentenced under the provisions of the Act. The order reflects that Appellant was convicted of DWI, a target offense under the Act. *See* section 16-93-1202(l). The order also reflects that he was sentenced to twenty-four months in the Department of Correction, with a judicial transfer to the Department of Community Punishment for drug and alcohol treatment. *See* section 16-93-1207(a)(1)(B). Moreover, there is no dispute that Appellant successfully completed his sentence and that he did not have any prior felony convictions. Under the circumstances, it is irrelevant that the judgment and disposition order does not specifically recite that Appellant was sentenced under section 16-93-1207, as such recitation is not required to be eligible for expungement under the Act. Accordingly, we conclude that the trial court erred in ruling that it lacked jurisdiction to grant Appellant's petition for expungement.

Additionally, the facts in *Shelton*, 44 Ark. App. 156, 870 S.W.2d 398, do not support the trial court's conclusion that the lack of reference to section 16-93-1207 was tantamount to a determination by the court of appeals that expungement of an offender's criminal record may not be had under that section. There, Shelton was sentenced to five years' probation for two counts of delivery of a controlled substance. On appeal, he admitted that he had not been sentenced under any expungement statute. He argued, however, that the trial court had inherent power to expunge his record beyond that provided statutorily. Relying on this court's repeated holdings that sentencing in criminal cases

is entirely a matter of statute, the court of appeals concluded that because Shelton had not been *sentenced* under an expungement statute, the trial court had no power to expunge his record. Thus, the court of appeals could not have considered expungement under section 16-93-1207 because Shelton was sentenced prior to the effective date of that statute.

In the instant appeal, the State concedes that the trial court has jurisdiction under section 16-93-1207 to expunge Appellant's DWI record. Nonetheless, the State urges us to affirm the trial court's ruling on the basis that Appellant failed to file a uniform petition for expungement, as provided in Ark. Code Ann. § 16-90-905 (Supp. 1997).

Section 16-90-905(a)(1) provides that "[t]he Arkansas Crime Information Center shall adopt and provide a uniform petition and order to seal records which shall be used by all petitioners and by all circuit and municipal courts in this state." Subsection (a)(3) provides that "[t]he petition shall include a statement that the information contained in the petition is true and correct to the best of the petitioner's knowledge[.]" Subsection (a)(3) also provides that the *order* shall, at a minimum, contain the following data:

(A) The person's full name, race, sex, and date of birth;

(B) The person's full name at the time of arrest and adjudication of guilt, if different than the person's current name;

(C) The crimes for which the person was adjudicated guilty, and the date of the disposition;

(D) The identity of the court;

(E) The provision under which the individual was sentenced that provides for sealing or expungement of the record; and

(F) The specific records to be sealed.

Section 16-93-1207(b)(3) dictates that the procedure for expungement under the Community Punishment Act "shall be in accordance with that established in § 16-90-901 et seq."

The State contends that by using the word "shall" in section 16-90-905, the legislature intended that the filing of a uniform

petition by every petitioner is mandatory, not discretionary. The State argues that Appellant's failure to file a uniform petition for expungement is thus fatal to his cause. Appellant admits that he did not file a uniform petition; however, he asserts that his petition substantially complied with the requirements of section 16-90-905.[1] He asserts further that the word "shall" as used in that section is directory, rather than mandatory.

Though ordinarily the word "shall" is mandatory, and the word "may" is directory, they are often used interchangeably in legislation. *Arkansas State Highway Comm'n v. Mabry*, 229 Ark. 261, 315 S.W.2d 900 (1958). In *Mabry*, this court recognized that to carry out the legislature's intent, the word "shall" may, in certain circumstances, be construed as the equivalent of the word "may." This court concluded that if the language of the statute, considered as a whole and with due regard to its nature and object, reveals that the legislature intended the word "shall" to be directory, it should be given that meaning.

■ ■    Since *Mabry*, this court has consistently held that the use of the word "shall" in a statute means that the legislature intended mandatory compliance with the statute *unless* such an interpretation would lead to an absurdity. *See Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996); *Klinger v. City of Fayetteville*, 293 Ark. 128, 732 S.W.2d 859 (1987); *Loyd v. Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986). This court has also consistently held that in determining whether a statute's provisions are mandatory or merely directory, we adhere to the principle that those things which are of the essence of the thing to be done are mandatory, while those not of the essence of the thing to be done are directory only. *See McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991); *Taggart & Taggart Seed Co., Inc. v. City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983); *Edwards v. Hall*, 30 Ark. 31 (1875). The question then is whether the legislature intended section 16-90-905 to mandate that all petitioners file a uniform petition for expungement before the circuit court may

---

[1] Appellant also argues that his petition substantially complies with the uniform petition adopted by the Arkansas Crime Information Center. We cannot reach the merits of this argument, as the uniform petition is not contained in the record.

grant the requested relief. We conclude that the legislature did not intend such mandatory or strict compliance.

In reading section 16-90-905 in its entirety, it is clear that the essence of the thing to be done is the creation of a uniform *order* to seal the records. This is apparent from the fact that section 16-90-905(a)(3) specifically requires six different categories of data to be included in the order, while the only requirement specified for the petition is a statement that the petition is true and correct to the best of the petitioner's knowledge. Additionally, subsection (a)(2) provides that no order to expunge records "shall be effective unless the uniform order is entered." There is no similar provision for a petition. Thus, it would seem that the legislature placed chief importance on the uniformity of the order granting expungement.

This is further apparent from the purpose of the order as set out in Ark. Code Ann. § 16-90-904(d) (Supp. 1997). That section provides that once the uniform order described in section 16-90-905 is entered and filed, "[t]he clerk of the court shall certify copies of the uniform order to the prosecuting attorney who filed the underlying charges, the arresting agency, the Administrative Office of the Courts, and the Arkansas Crime Information Center." As orders from every county will be sent to State agencies that compile statistical data, in addition to the local law enforcement entities, it is essential that the information provided be uniform. The purpose of the petition, on the other hand, is to provide notice to the prosecuting attorney and the arresting agency, so that they may have the opportunity to oppose the petition. *See* section 16-90-904(b). Thus, the exact form of the petition is unimportant, provided that sufficient information is contained therein to apprise the prosecuting attorney and the arresting agency what record the petitioner seeks to have expunged and the legal grounds for expungement.

In the instant case, Appellant's petition provides notification of the following information: (1) that he was requesting expungement of his record for DWI, fourth offense, Ark. Code Ann. § 5-65-103 (Repl. 1997); (2) that he had entered a guilty plea to DWI, a target offense under the Community Punishment Act, and had been sentenced to twenty-four months' imprison-

ment with judicial transfer to the Department of Community Punishment; (3) that he had successfully complied with the conditions and orders of the court; and (4) that he was sentenced as a first offender. Additionally, the petition contains Appellant's full name, race, sex, and date of birth, as well as a statement that the information contained in the petition "is true and correct to the best of my knowledge." The certificate of service demonstrates that a copy of the petition was served on the Faulkner County Prosecuting Attorney, the Conway Police Department, and Appellant's parole officer. We conclude that Appellant's petition substantially complies with the provisions of section 16-90-905, given that it contains the very data required to be included in the *order* of expungement, as described in subsection (a)(3) of that statute.

We thus reject the State's argument, as we can see no legitimate reason under section 16-90-905 why expungement may not be granted based upon a petition that substantially complies with the requirements of that section, so long as the order granting expungement contains the particular information listed in section 16-90-905(a)(3). In construing Ark. Code Ann. §§ 16-90-901 to -906 (Supp. 1997), it is evident that the legislature was more concerned with the particular contents of the order than it was with the petition, and that the essence of the thing to be done is the establishment of a uniform order of expungement. Accordingly, to interpret section 16-90-905 as requiring anything other than substantial compliance with the form of the petition would be placing form over substance to the level of absurdity. This we will not do.

In sum, we conclude that the trial court erred in denying Appellant's petition on the ground that it lacked jurisdiction or authority to do so. Section 16-93-1207 clearly provides such authority. We agree with the State, however, that the decision whether to expunge Appellant's record is a discretionary one that rests with the trial court. Section 16-93-1207(b)(1) provides that the court *may* direct that the offender's record be expunged. We thus reverse the trial court's ruling and remand this case for consideration of the merits of Appellant's petition.

Reversed and remanded.