The Honorable Gilbert Baker State Senator #
17 Cooper Lane Conway, Arkansas 72034-7935
Dear Senator Baker:
You have requested my opinion about, as you say, "sealing and expungement of city records." Specifically, you asked the following three questions about certain phrases found at A.C.A. § 16-90-904:
By what criteria is a person "eligible to have an offense expunged"? Is anyone who has previously pled guilty, been found guilty[,] or otherwise convicted of a misdemeanor as set out inAct 626 of 2011 automatically eligible to file a petition to seal pursuant to Act 626 of 2011 or some other statutory provision, regardless of the manner under which they were originally sentenced?
Is it necessary that a person have been sentenced under a statutory provision "that provides for sealing or expungement of the record" as set out in A.C.A. § 16-90-905(a)(3)(B)(b) or has that section been effectively rendered of no effect by either [section 3 of] Act 626 or some other statutory provision[,] or the holding in Fulmer v. State, 337 Ark. 177 (1999)?
RESPONSE
I must respectfully decline to provide an opinion on your questions because this matter is currently being litigated in the district court of Sebastian County: State of Arkansas v. Edwards, Case No. 8-006198; Docket No. 2/25/09-011.
To avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are likely to be the subject of pending litigation. Any opinion issued from my office would constitute executive comment on matters that are properly decided by a judicial body.[1]
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
Dustin McDaniel Attorney General
[1] E.g., Op. Att'y Gen. 2009-112 (and opinions cited therein).
 *Page 1