2015 Ark. 149

**Cameron Scott BOLIN, Appellant**

v.

**STATE of Arkansas, Appellee**

No. CR–14–508

Supreme Court of Arkansas.

Opinion Delivered April 9, 2015

Laws Law Firm, P.A., by: Hugh R. Laws, Russellville, for appellant.

Dustin McDaniel, Att'y Gen., by: Vada Berger, Ass't Att'y Gen., for appellee.

RHONDA K. WOOD, Associate Justice

Cameron Bolin appeals the denial of his petition to seal his misdemeanor and felony convictions. He contends (1) that the court erred by retroactively applying the Comprehensive Criminal Record Sealing Act (CCRSA) instead of the Community Punishment Act (CPA), which was in effect at the time he committed his offenses; (2) that retroactive application of the CCRSA violates the prohibition against ex post facto laws; and (3) that even if it was appropriate to retroactively apply the CCRSA to his felonies, the records related to his misdemeanors should have been sealed. We find that the circuit court erred in retroactively applying the CCRSA to Bolin's felony conviction, and we reverse and remand for the court to apply the CPA to Bolin's felony conviction and the CCRSA to his misdemeanor convictions.

### I. Background and Relevant Facts

Bolin pled no contest to two misdemeanors and one Class D felony in January 2011. He was sentenced to 90 days of

probation for the misdemeanors and three years of probation for the felony. At the time of his sentencing, the Community Punishment Act allowed Bolin to petition the court to expunge the record of his offense upon the successful completion of probation. Ark. Code Ann. § 16–93–1207(b)(1) (Repl. 2006). Subsequent to Bolin's sentencing, but before the completion of his probation for the felony, the General Assembly passed Act 1460 of 2013, known as the Comprehensive Criminal Record Sealing Act of 2013. The CCRSA created a uniform procedure for sealing a person's record and detailed the circumstances in which individuals were eligible to have their records sealed.

Of importance to this appeal, the CCRSA amended the CPA so that the procedure for sealing records under the CPA would be in accordance with the CCRSA. Ark. Code Ann. § 16–93–1207(b)(3) (Supp. 2013). The CCRSA requires that a person must wait five years after the completion of the sentence in order to be eligible to have the records of a Class D felony sealed as opposed to immediate eligibility for expungement upon completion of the sentence, which was available under the CPA. Ark. Code Ann. § 16–90–1406(a)(1) (Supp. 2013). As to misdemeanors, the CCRSA provides that a person becomes eligible to petition to seal those records 60 days after the completion of the person's sentence for the offense. Ark. Code Ann. § 16–90–1405(a)(1) (Supp. 2013). The CCRSA also superseded all other inconsistent provisions of the Arkansas Code, except for a few exceptions that are not relevant to this appeal. Ark. Code Ann. § 16–90–1403(b) (Supp. 2013).

The CCRSA became effective on January 1, 2014. Bolin completed his felony probation on January 19, 2014, and petitioned the court to seal all of his records.

The State neither objected nor responded to Bolin's petition. The circuit court denied Bolin's petition without a hearing, holding that Bolin was required to wait five years after completing his probation before the records could be sealed under the CCRSA.

## II. *Preservation*

Before considering the merits of Bolin's appeal, we first consider the State's contention that Bolin failed to preserve his arguments. As a general rule, we will not consider arguments raised for the first time on appeal, and an argument is not preserved for appellate review unless a party raises a specific objection and the circuit court rules on that objection. *Gulley v. State,* 2012 Ark. 368, at 6, 423 S.W.3d 569, 574. However, we have recognized an exception in situations where a party has no opportunity to present his arguments to the circuit court. *Harrell v. City of Conway,* 296 Ark. 247, 753 S.W.2d 542 (1988); *Olson v. Olson,* 2014 Ark. 537, 453 S.W.3d 128. As in *Harrell,* Bolin's case was disposed of by the circuit court without notice, without a hearing, and without an opportunity for Bolin to present any arguments. The lack of development in circuit court was at least partially exacerbated by the State's failure to respond to Bolin's petition. With no opposition from the State and with Bolin believing himself to be entitled to have his records sealed under the former version of the CPA, Bolin had no reason to anticipate the State's arguments and raise his own until the court entered its order denying his petition. Because Bolin had no opportunity to present his current arguments to the circuit court, he is not prevented from raising them on appeal.

## III. *Standard of Review*

Bolin's appeal raises issues regarding the application and interpretation of the

CPA and the CCRSA. The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, 386 S.W.3d 385.

## IV. *Retroactivity of the CCRSA*

For his first point, Bolin argues that his eligibility to have his records sealed should be determined under the version of the CPA in effect at the time he committed his offenses and that the CCRSA was not meant to apply retroactively. The State responds that the legislature intended that the CCRSA should apply retroactively by making the CCRSA applicable to all proceedings to seal records after the Act's effective date and specifically superseding all other inconsistent provisions of the Arkansas Code. *See* Ark. Code Ann. § 16–90–1403(a)–(b). The State further argues that even if the legislature's intent was unclear, the CCRSA should, nevertheless, apply retroactively because it is procedural and remedial and such legislation is generally given a retroactive application.

Retroactivity is a matter of legislative intent. *Bean v. Office of Child Support Enforcement*, 340 Ark. 286, 296, 9 S.W.3d 520, 526 (2000). In determining legislative intent, we have observed a strict rule of construction against retroactive operation and indulge in the presumption that the legislature intends statutes, or amendments thereof, to operate prospectively only and not retroactively. *Id.* Only when the General Assembly expressly provides that an act should be applied retroactively will we do so. *Elders v. State*, 321 Ark. 60, 67, 900 S.W.2d 170, 174 (1995). We have held that, in the absence of a provision stating that an act will apply retroactively, the act will apply prospectively only. *State v. Murphy*, 315 Ark. 68, 71, 864 S.W.2d 842, 844 (1993). Therefore,

unless it expressly states otherwise, we presume the legislature intends for prospective application of its laws, and any interpretation of an act must be aimed at determining whether retroactive effect is stated or implied so clearly and unequivocally as to eliminate any doubt. *Bean*, 340 Ark. at 296, 9 S.W.3d at 526.

Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used, and we construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Barclay v. First Paris Holding Co.*, 344 Ark. 711, 718, 42 S.W.3d 496, 500 (2001). We will reconcile provisions within an act to make them consistent, harmonious, and sensible in an effort to give effect to every part. *Roeder v. United States*, 2014 Ark. 156, at 4, 432 S.W.3d 627, 631.

In reviewing the statutory text of the CCRSA, we find no general expression of intent that the whole act should apply retroactively. However, we do find a specific expression of intent with regard to misdemeanor violations. Section nine of the CCRSA amended Title 16, Chapter 90 of the Arkansas Code to provide that "a person is eligible to file a uniform petition to seal a misdemeanor or violation under this section *even if his or her misdemeanor or violation occurred before January 1, 2014.*" Ark. Code Ann. § 16–90–1405(c) (emphasis added). With this language, the legislature clearly intended to make the CCRSA retroactive to govern the sealing of records related to misdemeanors.

In contrast, no such intent is expressed related to the sealing of felony records. There is no similar provision that indicates that an individual can file a petition to seal felony records under the CCRSA even if the felony occurred before

the CCRSA's effective date. *See* Ark. Code Ann. § 16–90–1406. The express designation of one thing may be properly construed to mean the exclusion of another. *Larry Hobbs Farm Equip., Inc. v. CNH Am., LLC*, 375 Ark. 379, 385, 291 S.W.3d 190, 195 (2009). Applying this principle and reading the provisions of the CCRSA as a whole, we conclude that the legislature expressly designated that the CCRSA should be retroactive with regard to misdemeanors but chose to exclude that retroactivity with regard to felonies. Had the legislature intended for the CCRSA to govern the sealing of felony records for offenses occurring before January 1, 2014, it could have included language to that effect, as it did for misdemeanors in section 16–90–1405(c).

### V. *Whether the CCRSA Should Apply Retroactively If It Is Procedural and Remedial*

In reaching the conclusion that the legislature intended for the CCRSA to apply retroactively to misdemeanors but not felonies, we are mindful of the State's argument that the CCRSA should be retroactively applied because it is procedural and remedial legislation. The rule creating the presumption against retroactive application of a statute does not ordinarily apply to procedural or remedial legislation, and procedural legislation is more often given retroactive application. *Bean*, 340 Ark. at 297, 9 S.W.3d at 520. However, we need not determine whether the CCRSA is actually procedural. Regardless of the answer to that question, it would not allow us to simply disregard the otherwise clearly expressed intention of

the legislature. As in all statutory-construction cases, the cardinal rule is to give full effect to the will of the legislature. *State v. Pinell*, 353 Ark. 129, 134, 114 S.W.3d 175, 178 (2003). The legislature specifically differentiated between misdemeanors and felonies by choosing to make the CCRSA retroactive as to one, but not the other. The fact that we have retroactively applied procedural legislation in the *absence* of clearly expressed legislative intent does not mean that we will do so in *contravention* of clear legislative intent. Having determined that the legislature expressed its intention to make the CCRSA retroactive as to some offenses but not others, we cannot disregard that intention and override the legislature to apply the entire Act retroactively. To do so would be to substitute our judgment for that of the legislative branch, which we cannot do. *See City of Conway v. Housing Authority of City of Conway*, 266 Ark. 404, 409, 584 S.W.2d 10, 13 (1979). Accordingly, we hold that the CCRSA does not retroactively apply to Bolin's felony conviction, but that the CCRSA does retroactively apply to Bolin's misdemeanor convictions.[1]

### VI. *Whether Bolin Is Entitled to Have His Misdemeanor Records Sealed Under the CCRSA*

The last argument that we must address is whether Bolin's misdemeanors qualify to be sealed under the CCRSA. According to the State, the CPA, as amended by the CCRSA, requires that any order placing a defendant on probation must explicitly provide that the defendant is being placed on probation "under the provisions of this subchapter[.]" Ark.

---

1. Because we hold that the CCRSA is not retroactive as to Bolin's felony conviction, this moots his argument that such application to his felony would violate the Ex Post Facto Clause. Bolin did not refer to his misdemeanor convictions in this argument, and it would be unnecessary for us to embark on the analysis of whether applying the CCRSA to his misdemeanors is the type of disadvantage prohibited by the Ex Post Facto Clause because it is clear that Bolin would suffer no disadvantage whatsoever by such application.

Code Ann. § 16–93–1207(a)(1)(D). The State contends that Bolin's sentencing order did not specifically state that he was being sentenced under the CPA for his misdemeanors.

The State's argument is flawed. We have previously stated that "it is irrelevant that the judgment and disposition order does not specifically recite that Appellant was sentenced under section 16–93–1207, as such recitation is not required to be eligible for expungement under the [Community Punishment] Act." [2] *Fulmer v. State*, 337 Ark. 177, 181, 987 S.W.2d 700, 701–02 (1999). In *Fulmer*, we explained that the circuit court's ability to expunge a record under the Community Punishment Act was not dependent upon the technical notation on the sentencing order, but upon whether the requirements of the expungement statute had been met. *See id.* at 181, 987 S.W.2d at 701–02. As *Fulmer* illustrates, the key to whether a court has the ability to expunge a record is whether the facts of the petitioner's case line up with the requirements outlined by the legislature in the expungement statute.[3]

Finally, as discussed, *supra*, the CCRSA is retroactive as to misdemeanors, and a person may petition to have his records sealed under the CCRSA even if the misdemeanor occurred before the CCRSA became effective. As to his misdemeanors, and assuming he has satisfied the statutory requirements, Bolin is now eligible to have his records sealed under the CCRSA. Nothing in the text of Arkansas Code Annotated section 16–90–1405 would make Bolin's eligibility under that section dependent upon a notation in the judgment and disposition order as to whether Bolin was sentenced under the CPA or not. Bolin's misdemeanors are eligible for sealing under the CCRSA if the statutory requirements of Arkansas Code Annotated section 16–90–1405 are satisfied. However, the circuit court denied Bolin's petition based on section 16–90–1406, the felony provision. Therefore, we must reverse the circuit court on this point and remand for the circuit court to consider whether Bolin's misdemeanor records should be sealed according to the requirements of section 16–90–1405.

VII. *Conclusion*

Because the legislature did not intend for the CCRSA to apply retroactively to Bolin's felony conviction, the circuit court erred in concluding that Bolin was required to wait five additional years after the completion of his probation before petitioning the court to expunge his record. Under the version of the CPA in effect at the time of his sentencing, Bolin was eligible to petition the court to expunge his record upon the completion of his probation; therefore, we reverse the decision of the circuit court and remand the case for the court to consider whether the records of Bolin's felony conviction should be sealed according to this version of the Community Punishment Act.

2. We note that even had we found that a defendant's judgment order must refer to a specific statute, Bolin's judgment and disposition order provided at the end of all of his charges that "[t]he defendant shall be sentenced under Act 531 of 1993," which is the CPA.

3. The State mistakenly relies on *State v. Brown*, 2010 Ark. 483, 2010 WL 5059593, and its holding that the court cannot expunge a defendant's record if the defendant is not specifically sentenced under a statute providing for expungement. *Brown* is inapposite because the petitioner there was ineligible for expungement due to the nature of her offense. The outcome in *Brown* was not dependent on anything that was written in her sentencing order.

Bolin's entitlement to have his misdemeanor records sealed should have been considered under section 16–90–1405; therefore, the circuit court's denial of Bolin's petition to seal his misdemeanor records is also reversed and remanded for the circuit court to consider whether Bolin has satisfied the requirements of section 16–90–1405.

Reversed and remanded.

Hannah, C.J., and Wynne, J., concur in part and dissent in part.

Jim Hannah, Chief Justice, concurring in part and dissenting in part.

In 2013, the General Assembly enacted Act 1460, an "Act To Establish The Comprehensive Criminal Record Sealing Act Of 2013; To Amend, Consolidate, Clarify, And Simplify The Process For Sealing A Person's Criminal Record Under Certain Circumstances; And For Other Purposes." *See* Act of Apr. 22, 2013, No. 1460, 2013 Ark. Acts 6383. Act 1460, which became effective on January 1, 2014, amended various statutes in the Arkansas Code, repealed existing statutory procedures for the expungement and sealing of criminal records, and created the Comprehensive Criminal Record Sealing Act of 2013 to govern all proceedings involving the sealing of criminal records. Because I believe that Act 1460 of 2013 applies prospectively to all petitions to seal filed on or after January 1, 2014, I concur in part and dissent in part to the majority's decision to reverse and remand the order of the circuit court.

Bolin's plea agreement and judgment-and-disposition order state that he was eligible to have his convictions for two misdemeanors and a Class D felony sealed pursuant to Act 531 of 1993, known as the Community Punishment Act, codified at Ark. Code Ann. §§ 16–93–1201 to –1210. Until Act 1460 of 2013 became effective, a person could petition the circuit court to expunge the record of his or her offense immediately upon successful completion of a sentence. *See* Ark. Code Ann. § 16–93–1207(b)(1), (3) (Supp. 2013) [Effective until January 1, 2014]. Act 1460 amended section 16–93–1207(b)(3) to state that "[t]he procedure, effect and definition of 'sealed' for the purposes of this subsection shall be in accordance with that established in the Comprehensive Criminal Record Sealing Act of 2013, 16–90–1401 et. seq." *See* 2013 Ark. Acts 1460, § 15; at 6418; *see also id.* § 9, at 6395 (amending Arkansas Code Title 16, Chapter 90, to add a new subchapter titled "Comprehensive Criminal Record Sealing Act of 2013"). Pursuant to the Comprehensive Criminal Record Sealing Act of 2013 ("CCRSA"), a person does not become eligible to petition the circuit court to seal a record of conviction for a Class D felony until five years has elapsed since the completion of the person's sentence for that felony. *See* 2013 Ark. Acts 1460, § 9, codified at Ark. Code Ann. § 16–90–1406 (Supp. 2013) [Effective January 1, 2014]. A person does not become eligible to petition the circuit court to seal a record of conviction for a misdemeanor or violation until sixty days has elapsed since the completion of the person's sentence for the misdemeanor or violation. *See id.* codified at Ark. Code Ann. § 16–90–1405 (Supp. 2013) [Effective January 1, 2014].

Bolin contends that section 16–93–1207(b)(3), as amended by Act 1460 of 2013, and the CCRSA should not be applied retroactively to his petition to seal. In support of his contention, he cites cases in which this court has held that a sentence must be in accordance with the sentencing statute in effect at the time of the commission of the crime, *see, e.g., Donaldson v. State,* 370 Ark. 3, 257 S.W.3d 74 (2007), *State v. Ross,* 344 Ark. 364, 39

S.W.3d 789 (2001), and that a sentencing statute will be applied retroactively only when the General Assembly expressly provides for retroactive application, *see id.*, *Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995). He further contends that the retroactive application of the CCRSA would violate the ex post facto clauses of the Arkansas and United States Constitutions.

Bolin is correct that a sentence must be in accordance with the statute in effect on the date of a crime, and that a change in sentencing, applied retroactively, would violate the ex post facto clauses, but section 16–93–1207(b)(3), as amended by Act 1460 of 2013, and the CCRSA are not sentencing statutes, and they will not be applied "retroactively" in this case. *See Landgraf v. USI Film Products,* 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (explaining that "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment ... or upsets expectations based in prior law").

The General Assembly expressly stated that, effective January 1, 2014, the CCRSA was to govern "all proceedings involving the sealing of criminal records," and that, with certain exceptions inapplicable in this case, "[i]nconsistencies between this subchapter [the CCRSA] and any other sections within the Arkansas Code in existence on the effective date of this act are resolved in favor of this subchapter." *See* 2013 Ark. Acts 1460, § 9, codified at Ark. Code Ann. § 16–90–1403 (Supp. 2013) [Effective January 1, 2014].

Bolin filed his petition to seal record on March 19, 2014, which was after the January 1, 2014 effective date of the CCRSA and the other provisions of Act 1460. Therefore, as applied to Bolin's petition, the CCRSA and section 16–93–1207(b)(3), as amended by Act 1460, are prospective

in nature rather than retroactive. Bolin is not eligible to petition the circuit court to seal his record of conviction for a Class D felony until five years has elapsed since the completion of his sentence for that felony. Accordingly, I would affirm the circuit court's denial of Bolin's petition to seal the felony. Finally, because I believe that Act 1460 applies prospectively to all petitions to seal filed on or after January 1, 2014, I would reverse and remand the circuit court's denial of Bolin's petition to seal the misdemeanor records. Thus, I concur in the majority's judgment that the circuit court should consider whether Bolin has satisfied the requirements of section 16–90–1405.

Wynne, J., joins.