Cite as 2019 Ark. 395

# SUPREME COURT OF ARKANSAS

**No.** CR–18–860

| | | |
|---|---|---|
| | | **Opinion Delivered** December 12, 2019 |
| STATE OF ARKANSAS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-09-1130] |
| V. | | |
| KENTARA BROWN | APPELLEE | HONORABLE HEBERT T. WRIGHT, JUDGE |
| | | REVERSED AND REMANDED. |

**SHAWN A. WOMACK, Associate Justice**

The State of Arkansas appeals the circuit court's order to expunge Kentara Brown's felony conviction under Act 531 of 1993. The State contends that Brown was ineligible for expungement under the Act and that the circuit court's order was erroneous as a matter of law. We reverse and remand to set aside the order to expunge.

I.

Brown pleaded guilty to Class C felony theft of property in 2009. *See* Ark. Code Ann. § 5-36-103 (Repl. 2006). She was sentenced to three years of probation. The State conceded that Brown was initially placed on probation under Act 531, also known as the Community Punishment Act. *See* Ark. Code Ann. §§ 16-93-1201 to -1210 (Repl. 2006). The original judgment and disposition order left unmarked a blank next to the statement: "Defendant committed a target offense and was sentenced under the Community Punishment [A]ct. Upon successful completion of the conditions of probation/S.I.S.

Defendant shall be eligible to have [her] records sealed." The conditions of probation, however, referenced Act 531.

In 2011, the State petitioned to revoke the original order after Brown failed to comply with the conditions of probation. She pleaded guilty to the revocation charge. The circuit court entered a new judgment and disposition order resentencing Brown to four years of probation for the theft-of-property conviction. Like the original order, the new order included a blank next to a statement indicating whether the sentence was under Act 531 and eligible for expungement. This time, the circuit court wrote "no" in the blank. The new conditions of probation likewise omitted any reference to the Act.

In 2018, Brown petitioned to expunge her conviction under Act 531. The State objected. It argued that revocation of the original order meant that she failed to successfully complete probation under the Act. Because the post-revocation order was explicitly not under Act 531, the State argued Brown was ineligible for expungement under either order.

The circuit court granted Brown's petition to expunge her conviction under Act 531. An order to expunge was subsequently entered. In the order, the court concluded that Brown had been sentenced under Act 531 and that she had "satisfactorily complied" with the court's orders. It referenced only the original three-year probation order. The post-revocation order was not mentioned. It is from this decision that the State appeals.

## II.

For its sole point on appeal, the State contends that the circuit court erroneously expunged Brown's conviction under Act 531. In short, the State argues that Brown failed to successfully complete an order of probation under Act 531 and is thus ineligible for

expungement under the Act's provisions. This argument is twofold. First, the State claims that Brown did not successfully complete the original probation order due to its revocation.[1] The State also contends that the post-revocation probation order was not under Act 531 and may not be expunged under the Act.

Though we must typically consider the propriety of the State's appeal under Arkansas Rule of Appellate Procedure–Criminal 3, we need not do so here. We have consistently held that an appeal from an order to seal a conviction, despite its criminal designation, is civil in nature and not subject to Rule 3. *See State v. Tyler*, 2010 Ark. 307, at 2. We thus accept this appeal without engaging in a Rule 3 analysis.

It is well settled that a sentence must be in accordance with the statutes in effect on the date of the crime. *See id.* A court does not have the power to expunge a record when the defendant was not sentenced under a statute that specifically provides for expungement. *See id.* Moreover, a court may expunge a record only when the facts of the defendant's case meet the requirements outlined by the legislature in the expungement statute. *See Bolin v. State*, 2015 Ark. 149, at 8, 459 S.W.3d 788, 793. Resolution of this matter accordingly turns on the application and interpretation of Act 531. The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *See id.* at 4, 459 S.W.3d at 791.

We must begin with the statute. Act 531, in relevant part, provides that:

(a) Upon the sentencing or placing on probation of any person under the provisions of this subchapter, the sentencing court shall issue an order . . . in writing, setting forth the following:

---

[1]We reject Brown's contention that the State failed to preserve this argument. The record establishes that the argument was raised during the hearing on the petition.

(1) That the offender is being:

. . . .

(D) Placed on probation under the provisions of this subchapter[.]

. . . .

(b)(1) Upon the successful completion of probation . . . for one of the offenses targeted by the General Assembly for community correction placement, the court may direct that the record of the offender be expunged of the offense for which the offender was either convicted or placed on probation under the condition that the offender has no more than one previous felony conviction[.]

Ark. Code Ann. § 16-93-1207. In other words, the circuit court has the authority to expunge an offender's record if the offender (1) has successfully completed a sentence under Act 137, (2) for a target offense, and (3) has no more than one previous felony conviction, provided the previous conviction is not among the enumerated list of disqualifying felonies. *See Fulmer v. State*, 337 Ark. 177, 181, 987 S.W.2d 700, 701 (1999). The parties do not dispute Brown's satisfaction of the latter two requirements. The dispositive question is, therefore, whether Brown successfully completed a sentence under the Act.

We first consider the original judgment and disposition order, which placed Brown on probation for three years. The State conceded below—and the circuit court agreed— that the original order was under Act 531. Even assuming this concession was correct, Brown is eligible for expungement only upon successful completion of that sentence. Given that the original order was revoked in 2011, the State contends that Brown did not successfully complete probation under that order. We agree.

Once Brown violated the terms of probation, the circuit court was authorized to revoke her sentence and impose any sentence that may have been originally imposed for

4

the conviction. *See* Ark. Code Ann. § 5-4-309(f) (Repl. 2006); *see also Lee v. State*, 2010 Ark. 261, at 3 (per curiam). That is precisely what happened. Following revocation, the circuit court entered a new judgment and disposition order resentencing Brown to four years of probation for the theft-of-property conviction. Brown accordingly failed to successfully complete probation under the revoked order. Her eligibility for expungement under Act 531 must therefore be determined under the post-revocation order. To the extent the order to expunge was based on the original probation order, the circuit court erred as a matter of law.

Turning to the post-revocation order, we conclude that the circuit court did not have authority to expunge Brown's conviction under that order. That order expressly stated it was not under Act 531 and was thus ineligible for expungement under the Act. As previously noted, a court is without authority to expunge a record when the defendant was not sentenced under a statute that explicitly provides for expungement. *See State v. Burnett*, 368 Ark. 625, 628, 249 S.W.3d 141, 143 (2007). Moreover, a defendant is not entitled to sentencing under Act 531 as a matter of right. *See* Ark. Code Ann. § 16-93-1210. Consequently, Brown is not eligible for expungement under Act 531 when the Act was explicitly made inapplicable to her sentence by the sentencing court.

In sum, the circuit court did not have the authority to expunge Brown's conviction as a matter of law. Brown failed to successfully complete probation under Act 531 and is thus ineligible for expungement under the Act's provisions. We accordingly reverse and remand to set aside the order to expunge.

Reversed and remanded.

BAKER, HUDSON, and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** The Pulaski County Circuit Court did not err in sealing Kentara Brown's record pursuant to Act 531 of 1993, commonly known as the Community Punishment Act (Act 531). The majority's conclusion that Kentara Brown failed to "successfully complete her probation" betrays a fundamental misunderstanding of Act 531.

This court's duty to review this case is not satisfied by simply substituting our factual findings for the ones made by the circuit court. The key to a proper disposition of this case rests on the interpretation of an Arkansas statute, which is a question of law that we decide de novo. *Bolin v. State*, 2015 Ark. 149, 459 S.W.3d 788. Act 531 is remedial legislation. The strict rule of construction does not apply to remedial statutes that do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. *Steward v. Statler*, 371 Ark. 351, 266 S.W.3d 710 (2007). The cardinal principle for construing remedial legislation is to give appropriate regard to the spirit which promoted its enactment, the mischief sought to be abolished, and the remedy proposed. *Id.*

The purpose of Act 531 was clearly articulated by the legislature:

SECTION 1. Findings and Determinations. The State of Arkansas hereby finds that the cost of incarcerating the ever-increasing numbers of offenders in traditional penitentiaries is skyrocketing, bringing added fiscal pressures on state government; and that some inmates can be effectively punished, with little risk to the public, in a more affordable manner through the use of community punishment programs and non-traditional facilities. As a result of the rising cost of traditional incarceration, the State finds that the purpose of corrections in Arkansas is twofold:

Institutions—defined as traditional prison beds are charged with the appropriate incapacitation of high risk offenders. Incapacitation involves traditional aspects of incarceration coupled with highly supervised community punishment when appropriate. High risk being defined as "those convicted of the most serious offenses, those who have longer criminal histories, and those who have repeatedly failed to comply with conditions imposed under less restrictive sanctions".

Community punishment—defined as both non-traditional punishment centers and non-residential community punishments, including supervision on probation, parole, and transfer, are charged with the provision of punishment focused on promoting offender accountability and the supervision of offenders at appropriate levels to promote public safety. The community punishment target group shall consist of those offenders who are involved in less serious criminal activity and/or are non-violent by nature and crime, even though the offender/offense may be repetitive, those who are technical violators of community supervision, and offenders returning to the community from incarceration who are in need of enhanced supervision options due to the nature of their criminal conviction.

Furthermore, the State determines that services designed to address offender needs must be integrated into the framework of both institutions and community punishment programs and must be balanced with supervision and punishment such that the community is repaid for the offense, public safety is promoted through supervision, and the offender is assisted in becoming a law abiding member of society.

Probation, under Act 531 is defined as "a judicially imposed criminal sanction permitting varying levels of supervision of eligible offenders in the community." Under the liberal construction that we must give the Act 531 definition, the revocation of Ms. Brown's original probation must not be considered a "failure," but rather the need to increase the "level of supervision." In pertinent part, "supervision" under Act 531 means "direct supervision, at varying levels of intensity by probation officers, in the case of sentences to probation with a condition of community punishment." Under the scheme established by Act 531, a revocation is just one of the options given to the circuit court to accomplish the broad remedial purposes of the legislation. It states:

7

In the event a person sentenced under subdivision (1) of this act violates any terms or conditions of his sentence or term of probation, revocation of the sentence or term of probation shall be consistent with the procedures established by law for the revocation of suspended imposition of sentence or probation. Upon revocation, the court of jurisdiction shall determine whether the offender shall remain under the jurisdiction of the court and be assigned to a more restrictive community punishment program, facility, or institution for a period of time or whether the offender shall be committed to the Department of Correction. If committed to the Department of Correction, the court shall specify if the commitment is for judicial transfer of the offender to the Department of Community Punishment or is a regular commitment.

Thus, in the case before us, Ms. Brown did not end her probation when she was revoked. In accordance with the provisions of Act 531, the circuit court chose to continue to exercise jurisdiction over her. The imposition of a new four-year term of probation merely raised her level of supervision. Liberally construing the provisions of Act 531 as we must, the fact that Ms. Brown required a greater level of supervision did not make her automatically ineligible for having her record sealed under Act 531. Under Act 531, "Eligibility or Eligible Offender" means any person convicted of a felony, who is by law eligible for such sentence, and who falls within the population targeted by the Arkansas General Assembly for inclusion in community punishment facilities." Ms. Brown's revocation was not the conviction of a second felony. Her assertion to the circuit court that there were only two circumstances under which a person could not successfully complete probation was by death or incarceration appears to conform to the plain language of Act 531. Accordingly, Ms. Brown only had one felony on her record. Upon completion of her supervision, Ms. Brown did satisfy the conditions required by Act 531 for her record to be sealed.

I am mindful that the majority attaches special significance to Ms. Brown's second sentencing order in which the circuit court expressly stated that she was not sentenced pursuant to Act 531. However, in *Bolin*, *supra*, Justice Wood, writing for the majority stated that "it is irrelevant that the judgment and disposition order does not specifically recite that Appellant was sentenced under section 16-93-1207, as such recitation is not required to be eligible for expungement under the [Community Punishment] Act." 2015 Ark. 149, at 8, 459 S.W.3d at 793 (quoting *Fulmer v. State*, 337 Ark. 177, 181, 987 S.W.2d 700, 701–02 (1999)). The circuit court's ability to expunge a record under the Community Punishment Act is not dependent upon the technical notation on the sentencing order but upon whether the requirements of the expungement statute had been met. *Id.* The test for whether a court has the ability to expunge a record is whether the facts of the petitioner's case "line up" with the requirements outlined by the legislature in the expungement statute. *Id.* As noted previously, all of the requirements of Act 531 have been met.

BAKER and HUDSON, JJ., join.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellant.

*Short Law Firm*, by: *Lee D. Short*, for appellee.